CONNECTICUT MUTUAL LIFE INSURANCE COMPANY v. JOHN H. KNAPP and Others.[1]

Nov. 14, 1895.

Nos. 9638—(291).

**Conveyance of Part of Mortgaged Premises—Assumption of Part of Debt.**

M. was the owner of a tract of land, which he had mortgaged to plaintiff to secure his note, on which there was owing the sum of $15,000. He conveyed, subject to $10,000 of this mortgage indebtedness, a part of this tract to defendants, who in consideration thereof assumed and agreed in the deed of conveyance to pay said $10,000, and in said deed M. covenanted that the premises so conveyed were free from all incumbrances except as aforesaid. Plaintiff brought this action to recover said $10,000, and defendants in their answer alleged that the part of the premises so conveyed to them was worth, and would sell on foreclosure sale for, much more than $10,000; that M. was insolvent, and the other $5,000 unpaid; and that, if the $10,000 is recovered of them in this action, it will result in shifting the burden of the other $5,000, or a portion of it, onto their part of the land. But the value of the other part of the land, held by M., is nowhere alleged. The answer prays that plaintiff be compelled

[1] Reported in 64 N. W. 1137.

first to exhaust his mortgage security, before resorting to the personal liability of defendants. *Held*, on demurrer to the answer, that, on defendants' own theory of their defense, the answer does not state either a counterclaim or a defense.

### Same—Adoption of Contract by Mortgagee.

Whether or not, by adopting the contract between M. and defendants, and recovering the $10,000 thereon, plaintiff does not adopt the burdens of that contract, as well as the benefits, so that such recovery will, ipso facto, release defendants' land from all lien of the mortgage, quære.

Appeal by defendants from a judgment of the district court for Ramsey county, sustaining a demurrer to the answer and adjudging. that plaintiff recover $10,090.28 from defendants, entered in pursuance of the order of Egan, J. Affirmed.

*C. E. Joslin*, for appellants.

*Jas. E. & Geo. W. Markham*, for respondent.

CANTY, J. On November 12, 1891, one Marshall was the owner of a certain tract of land in St. Paul, on which plaintiff held a mortgage made by Marshall to secure his promissory note to plaintiff, on which there was then due the sum of $15,000. On that day Marshall sold a part of the mortgaged premises, subject to $10,000 of said mortgage incumbrance, to the defendants, who in the deed of conveyance to them assumed and agreed to pay said $10,000 of said mortgage indebtedness, and the interest on that sum, as a part of the consideration to be paid by them for such conveyance. Marshall covenanted in the deed of conveyance that the premises were free from all incumbrances "except as hereinbefore stated." The plaintiff brought this. action to recover of defendants the $10,000 which they so assumed and agreed to pay.

In their answer the defendants set up these facts, and allege that the other $5,000 of the mortgage indebtedness has not been paid, and. is a lien on the portion of the premises so purchased by them, as well as on the portion remaining in Marshall; that Marshall is insolvent, and that the portion of the premises which they so purchased is of greater value, and will sell for more, than $10,000 and the costs and expenses of a foreclosure sale. They further aver that they are ready and willing to pay said sum of $10,000 and interest thereon, and have offered to do so, upon the release and discharge of their part of

the mortgaged premises from the lien of the mortgage, and that to require payment of them of said $10,000 and interest without such release, and without first exhausting the mortgage by a proper foreclosure "in the manner and order required by a due consideration" of their rights and equities, "would result in shifting the burden of the said $5,000 so to be paid by said Marshall, and which should be realized as far as possible first from the sale of the premises so remaining, upon the premises so purchased by said defendants," contrary to the covenants in their deed from Marshall. On these facts they pray that it be decreed that plaintiff recover nothing of them until it shall have foreclosed its mortgage and sold the mortgaged premises in proper order. Plaintiff demurred to this answer on the ground that it does not state facts sufficient to constitute a counterclaim or defense, and from an order sustaining the demurrer defendants appeal.

We are of the opinion that the order appealed from should be affirmed. We cannot see that defendants are entitled to any relief on their own theory of their defense. While the answer alleges that Marshall is insolvent, it does not allege the value of the part of the mortgaged premises remaining in him, or that this part will not sell for more than sufficient to pay the $5,000, interest, and costs for which it is primarily liable. For aught that appears in the answer, this part of the mortgaged premises may be worth, and may sell for, many times the portion of the mortgage indebtedness for which it is primarily liable, so that there may be no danger whatever of any of this portion of such indebtedness being shifted over onto defendants' part of the mortgaged premises, if Marshall's part is sold first. Neither do we wish to be understood as conceding that such theory of defendants is correct, or that after plaintiff had obtained judgment against them in this action for the $10,000 and interest thereon, and they had paid that judgment, plaintiff could hold their land for any part of the other $5,000 or interest thereon.

It may be that plaintiff cannot adopt the benefits of the contract made by and between Marshall and these defendants, and at the same time reject the burdens of that same contract. It may be that it takes the burdens with the benefits, so far as those burdens will apply to its rights and interests in the subject-matter of that contract, and that, when it has recovered the $10,000 and interest on this contract, the agreement which it has so adopted will ipso facto release

defendants' premises from the lien of the other $5,000 and interest thereon. If this be true, defendants have no equities to interpose in this action, but stand in much the same relation to this mortgage as does an ordinary mortgagor when sued at law on his personal liability for the mortgage indebtedness. But the question here suggested was not argued by counsel, and we do not want to be understood as deciding whether or not such recovery in this action of the $10,000 and interest would release defendants' land from the lien of the mortgage for the balance of the mortgage indebtedness.

This disposes of the case, and the judgment appealed from is affirmed.