KNAPP et al. v. CONNECTICUT MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1898.)

No. 958.

1. MORTGAGES—ASSUMPTION BY GRANTEE—RIGHTS OF MORTGAGEE.

The right of a mortgagee to enforce an agreement by the grantee of the mortgaged property to assume and pay the debt is not based on privity of contract, but on the doctrine that he is subrogated to the equities of the mortgagor against his grantee, who, as between them, has become the principal debtor.

2. SAME—EFFECT OF ENFORCING AGREEMENT.

Defendants purchased a portion of the premises covered by a mortgage, and assumed and agreed to pay, as a part of the consideration, a specified part of the mortgage debt, their deed containing covenants of warranty against incumbrances except as to the amount so assumed. The mortgagee brought suit against them, and recovered judgment for the amount assumed, which judgment they paid. *Held*, that the mortgagee did not, by enforcing the personal liability created by the deed, become a party to the covenant of warranty, so as to be precluded from enforcing the mortgage for the remainder of the debt against the property owned by defendants.

Appeal from the Circuit Court of the United States for the District of Minnesota.

This suit was brought by the Connecticut Mutual Life Insurance Company, the appellee, against John H. Knapp, Helen W. Knapp, Edgar J. Knapp, and Herbert V. R. Knapp, the appellants, and against certain other persons who have not appealed, to foreclose a mortgage executed by William R. Marshall on October 1, 1889, in favor of the Connecticut Mutual Life Insurance Company, which mortgage covered a tract of land situated at the corner of Jackson and Tenth streets, in the city of St. Paul, state of Minnesota. The mortgage, as originally drawn, covered a tract of land fronting 100 feet on Jackson street, and 150 feet on Tenth street, and was given to secure a note executed by said Marshall for the sum of $20,000, payable on October 1, 1894. On June 2, 1890, Marshall paid $5,000 on said note, and obtained a release of a part of the mortgaged premises, the same being a lot of land fronting 48 feet on Tenth street, leaving the mortgage to stand as an incumbrance on the residue of the tract situated at the corner of said streets, which fronted 100 feet on Jackson street, and 102 feet on Tenth street. The appellants above named filed an answer to the bill of complaint, which, by its admissions and averments, discloses in substance the following facts: On November 12, 1891, William R. Marshall and wife sold and conveyed to the appellants, John H. Knapp, Edgar J. Knapp, and Herbert V. R. Knapp, for the sum of $32,000, a part of the mortgaged premises to which the lien of the mortgage then attached, to wit, all thereof except a strip of land 15 feet wide fronting on Jackson street, and extending back of that width a distance of 102 feet, the same being that part of the mortgaged premises which was most distant from Tenth street. The deed last mentioned contained the following clause by virtue of which the grantees above named assumed to pay a part of the mortgage indebtedness then existing on the property: "Subject to a mortgage incumbrance on said property of ten thousand dollars ($10,000), being two-thirds of fifteen thousand dollars ($15,000) balance owed to the Connecticut Mutual Life Insurance Company, of Hartford, Connecticut, under a mortgage made by said William R. Marshall, dated October 1, 1889, recorded in the office of register of deeds of said Ramsey county, October 31, in Book 228 of Mortgages, page 106, which sum of ten thousand dollars with six per cent. per annum interest from the date hereof said parties of the second part assume

and agree to pay as part of the consideration hereinbefore stated." The deed in question also contained the following covenant made by the grantor: "And the said William R. Marshall, one of the parties of the first part, for himself, his heirs, executors, and administrators, does covenant with the said parties of the second part, their heirs and assigns, that he is well seised in fee of the land and premises aforesaid, and has good right to sell and convey the same in manner and form aforesaid; that the same are free from all incumbrances, except as hereinbefore stated, and the above bargained and granted lands and premises, in the quiet and peaceable possession of the said parties of the second part, their heirs and assigns, against all persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part will warrant and defend." At a later date, to wit, May 25, 1893, William R. Marshall and wife conveyed to the same grantees above named, by a conveyance which was absolute in its terms, the aforesaid strip of land 15 feet in width, which was not covered by the deed of November 12, 1891; but it seems that this latter conveyance was made by Marshall and wife merely to secure the grantees therein named against their liability to pay that part of the mortgage indebtedness, to wit, $5,000, which Marshall had agreed to pay by the deed of November 12, 1891, and was a lien on the property which the appellants had purchased. The mortgage debt having matured on October 1, 1894, and being unpaid, the Connecticut Mutual Life Insurance Company, on or about April 1, 1895, demanded payment from the appellants of the sum of $10,000, being the part of the mortgage debt which they had assumed and agreed to pay. Payment was refused, whereupon a suit was brought by the aforesaid insurance company against the appellants in the district court of Ramsey county, state of Minnesota, to recover the sum of money so demanded. In the trial court, and in the supreme court of the state of Minnesota as well (62 Minn. 407, 64 N. W. 1137), this suit resulted in a judgment against the appellants for the sum claimed. That judgment, it seems, was paid prior to the institution of the suit at bar. In their answer to the bill of complaint, the appellants further charged, in substance, that William R. Marshall was insolvent when the principal of the mortgage indebtedness became due, to wit, on October 1, 1894; that he subsequently died insolvent; that the plaintiff company assented or agreed to the arrangement for the division of the mortgage indebtedness as between said Marshall and the appellants John H. Knapp, Edgar J. Knapp, and Herbert V. R. Knapp, which is disclosed by the deed of November 12, 1891, heretofore mentioned; and that the mortgage sought to be foreclosed had therefore ceased to be a lien on the property, fronting 85 feet on Jackson street, and 102 feet on Tenth street, which they acquired from said Marshall by the aforesaid deed. The answer of the appellants contained no averment, however, touching the value of that part of the mortgaged property, to wit, the strip of land 15 feet in width fronting on Jackson street, which was retained by Marshall when the conveyance of November 12, 1891, was executed. The circuit court overruled the defenses which are disclosed by the appellants' answer, and entered a decree of foreclosure against all of the property covered by the mortgage lien, but it directed that the strip of land fronting 15 feet on Jackson street, and extending back of that width 102 feet from said street, being the property last conveyed by William R. Marshall to the appellants, should be first sold for the satisfaction of the mortgage debt. To reverse such decree, the defendants below have prosecuted an appeal.

Frank B. Kellogg (Cushman K. Davis and C. A. Severance, on brief), for appellants.

James E. Markham (Albert R. Moore and Geo. W. Markham, on brief), for appellee.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

No exception is taken by the appellants to the decree of the circuit court, in so far as it directs a sale of the strip of land 15 feet in width

fronting on Jackson street; but it is strenuously insisted by them that the decree was and is erroneous, in so far as it permits a sale of the remaining 85 feet of the mortgaged property which was purchased by the appellants from William R. Marshall, the mortgagor, on November 12, 1891. A critical examination of the answer to the bill of complaint has satisfied us that this contention is based solely on the theory that by suing the appellants in the first instance to compel them to pay the sum of $10,000, being the two-thirds of the mortgage debt which they had assumed to pay, the plaintiff company thereby adopted all the covenants contained in the deed of November 12, 1891, and became bound thereby to the same extent as Marshall, the grantor in such deed. The argument is, in effect, that the plaintiff in this manner made itself a party to Marshall's covenant to warrant and defend the title to that part of the mortgaged property which was conveyed to the appellants, except as against that part of the mortgage indebtedness, to wit, $10,000, which the appellants had assumed, and that it cannot be heard to assert a lien against the property which the appellants purchased, for that part of the mortgage debt, to wit, the sum of $5,000, which Marshall undertook to pay. Whether this theory is tenable depends very largely, we think, on the nature of the right which the plaintiff acquired, and afterwards enforced by a suit against the appellants, by virtue of their agreement with Marshall to pay a portion of the mortgage debt. In some cases it has been held, in substance, that, where the purchaser of an equity of redemption agrees with the mortgagor to pay the whole or a part of the mortgage debt, such a promise may be treated as a contract made by the mortgagor for the mortgagee's benefit, which the latter may adopt as his own, and enforce by a suit at law. Fitzgerald v. Barker, 4 Mo. App. 105; Beardslee v. Morgner, Id. 139; Lawrence v. Fox, 20 N. Y. 268; Burr v. Beers, 24 N. Y. 178; Rogers v. Gosnell, 51 Mo. 466, and cases there cited. In the opinion of the learned judge of the trial court, which is found in the record, it is stated that this is the rule in the state of Minnesota. The prevailing doctrine, however, is that which is stated and approved in Keller v. Ashford, 133 U. S. 610, 623, 624, 10 Sup. Ct. 494, namely, that the right of a mortgagee to enforce the payment of a mortgage debt as against a grantee of the mortgagor who has assumed its payment does not rest upon any contract existing between the mortgagee and grantee which is enforceable by the mortgagee by a suit at law, but is founded altogether upon the fact that, by virtue of the agreement to assume the mortgage debt, the grantee becomes primarily liable to pay the same, while the mortgagor, with respect to his grantee, is merely a surety for its payment. Such being the relation existing between the mortgagor and his grantee, it is held that the mortgagee may be subrogated to the rights of the mortgagor, and, by a suit in equity for that purpose, may compel the grantee to keep his engagement with the mortgagor by paying the mortgage debt. But as the right which the mortgagee thus acquires by virtue of the agreement of a third party with the mortgagor to pay the mortgage debt is purely equitable, and does not rest on privity of contract, it will not be enforced if, for any reason, the contract between the mortgagor and his grantee could not be enforced by the former

in a suit at law. If reasons exist which would enable the grantee to successfully defend an action brought by the mortgagor for nonpayment of the mortgage debt, the same reasons will preclude the mortgagee from enforcing his equitable right. Crowell v. Hospital, 27 N. J. Eq. 650; Palmeter v. Carey, 63 Wis. 426, 21 N. W. 793, and 23 N. W. 586; Boardman v. Larrabee, 51 Conn. 39; George v. Andrews, 60 Md. 26; Biddel v. Brizzolara, 64 Cal. 354, 30 Pac. 609; Flagg v. Geltmacher, 98 Ill. 293; Figart v. Halderman, 75 Ind. 564; National Bank v. Grand Lodge, 98 U. S. 123; Halsey v. Reed, 9 Paige, 446; Pardee v. Treat, 82 N. Y. 385, 389; Coffin v. Adams, 131 Mass. 133, 137; Jones, Mortg. §§ 740, 770.

In view of the doctrine last stated, which is sustained by the great weight of authority, and is approved by the federal supreme court, we are unable to concede that the plaintiff company adopted and became bound by the mortgagor's agreement with the purchaser of the equity of redemption to discharge a part of the mortgage debt merely because it sued the appellants to compel them to pay such portion of the mortgage debt as they had themselves assumed. It is obvious that, in bringing such suit, the mortgagee did not intend to release its lien upon any part of the mortgaged property. That proceeding cannot be regarded as an action at law, since the assumption agreement did not create any privity of contract between the plaintiff company and the appellants which would sustain such an action. Keller v. Ashford, 133 U. S. 610, 621, 622, 10 Sup. Ct. 494. In the state of Minnesota, where the suit was brought, there is but one form of action for the enforcement of private rights (Gen. St. Minn. 1894, § 5131, c. 66); and, whatever may have been the form of the suit in question, it was essentially an equitable proceeding to reach an additional obligation or security that had been given for the satisfaction of a part of the mortgage debt. The mortgagee was entitled to avail itself of that security by virtue of a well-established equitable doctrine, because the security or obligation was held by the mortgagor, who, with respect to the appellants, had become their surety for the payment of that part of the mortgage indebtedness which the appellants had assumed. Being an equitable proceeding to reach and appropriate the additional security that had been created by the assumption agreement, it is undoubtedly true that the appellants were entitled, by way of defense to the claim, to plead any facts or circumstances which rendered the enforcement of the additional obligation either unjust or inequitable. Such a defense was in fact attempted by the appellants, but the facts which they alleged and relied upon to defeat the suit were adjudged insufficient for that purpose by the supreme court of Minnesota (62 Minn. 407, 64 N. W. 1137); and in this proceeding that adjudication must be regarded as conclusive.

The suit at bar proceeds upon the theory that the lien of the mortgage has never been released as respects any part of the mortgaged property, except the 48 feet fronting on Tenth street, which was released by the plaintiff company on June 2, 1890. The mortgagee seeks to have the lien of its mortgage enforced simply as against the mortgaged property. It did not demand a judgment over against the appellants in case there should be a deficiency in the proceeds of the

foreclosure sale; nor was provision made for the entry of such a judgment by the decree of the circuit court. In other words, the plaintiff company in this proceeding does not ask for any relief under or by virtue of the assumption agreement, because the rights created by that agreement were adjudicated in the suit which was brought in the state court. The relief prayed for in this action cannot be denied, unless it is held that the mortgagor has released its lien upon the 85 feet fronting on Jackson street, which the appellants purchased, or has heretofore entered into an agreement with the appellants not to enforce the lien of the mortgage, as against said property; and, for the reasons heretofore indicated, we are unable to so hold. The result is that the decree of the circuit court will be affirmed.