REID et al. v. PAULY et al.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1903.)

No. 849.

1. INDEMNITY—BUILDING CONTRACTOR—BANKRUPTCY—RIGHTS OF INDEMNITORS—APPEAL—PARTIES.

Where indemnitors of the sureties of a contractor for a county building, after having been compelled to pay judgments against the contractor, and after the contractor's trustee in bankruptcy had recovered from the county a balance due the contractor, consented that a certain part of the amount so recovered be applied to the payment of fees for services, etc., and moved that the trustee be directed to pay the balance to such indemnitors, an appeal by the trustee and others from an order granting the motion was not subject to dismissal on the ground that the county was a necessary party thereto.

2. SAME.

The fact that the trustee was directed to retain a part of the fund adjudged to belong to the petitioners until further order of the court did not affect the right of appeal of others claiming the entire fund.

3. SAME—SUBROGATION OF INDEMNITORS—EQUITABLE LIEN.

Where indemnitors of sureties on the bond of a contractor for the erection of a county building were compelled to pay judgments against the contractor, who was subsequently declared a bankrupt, such indemnitors were entitled to an equitable lien on a balance due from the county to the bankrupt, which the trustee subsequently recovered, to the amount of the judgments so paid.

Appeal from the Circuit Court of the United States for the Western Division of the District of Washington.

Ben Sheeks and Sullivan & Christian, for appellants.

Judson & Geraghty and A. R. Titlow, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. In 1890 one John T. Long was awarded a contract to build a courthouse and jail for Pierce county, Wash., for the sum of $270,000. By the laws of that state in force at the time the commissioners of the county were required to take from the person with whom such contract was made "a good and sufficient bond, with two or more sureties who shall justify as bail upon arrest, which bond shall be conditioned that such person shall pay all laborers, mechanics, and materialmen, and persons who shall supply such contractor with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work" (Hill's Ann. Code, § 2415), and which bond should be in an amount equal to the full contract price for the work or improvements, and be executed to the state of Washington, but on which there should be a right of action in the person or persons performing labor or furnishing materials for the value thereof. Long undertook to give the bond so required, with J. R. Addison, W. H. Fife, Van Ogle, Jacob Ralph, Charles T. Uhlman, J. B. Catron, T. A. Bringham, J. L. De Voin, J. C. Mann, and W. B. Kelly, all of the state of Washington, as sureties. That bond makes the state of Washington the obligee, but

recites substantially that it was for the benefit of Pierce county, and its condition, in substance, is to save the county harmless from liens, claims, loss, damage, or expense occasioned by Long's failure to perform his contract. Long, however, did not sign the bond, nor did the sureties therein named justify in the required amount. Those sureties, two days after the date of the bond—which was September 15, 1890—addressed to the board of commissioners of Pierce county this communication and request:

"We, the undersigned, sureties on the bond of J. T. Long to the State of Washington as indemnity to the laborers and material men and all others having claims against the courthouse and jail, do hereby consent that you accept and approve the said bond with the justification of the sureties to an amount of three hundred and ten thousand dollars, and we waive any and all rights which we may have by reason of said bond being accepted with sureties to justify in said amount, only, and we hereby request you to approve said bond with the sureties now thereon. And we request you to make an order and spread the same upon the records of the proceedings of said Board of County Commissioners to the effect that said justification be reduced to said sum."

It seems that the county commissioners accepted the bond, for it appears to have been filed and recorded at the request of the county. A few days thereafter, to wit, September 23, 1890, J. J. Ligon, P. J. Pauly, Sr., P. J. Pauly, Jr., and John Pauly, of St. Louis, Mo., executed to Addison and the other sureties named in the bond first mentioned a bond in the sum of $270,000, stating the conditions thereof as follows:

"The conditions of the above obligation are such that, whereas one John T. Long has entered into a contract with Pierce County, a corporation of the State of Washington, wherein the said bounden J. T. Long, for a consideration therein named to be paid, to make certain improvements by erecting, completing and furnishing materials for a courthouse and jail to be built in the city of Tacoma, County of Pierce, State of Washington, in accordance with the said contract, plans and specifications therefor, and in said contract agrees to pay all persons performing labor upon said building and doing said work, and to pay for all material furnished and used therein, and all persons who shall furnish said J. T. Long with goods and provisions of any kind, and all claims for damages; and whereas, J. R. Addison, W. H. Fife, Van Ogle, Jacob Ralph, Charles T. Uhlman, J. B. Catron, T. A. Bringham, J. L. De Voin, J. O Mann, and W. B. Kelly, have become sureties for the said J. T. Long to the said Pierce County to the sum of $270,000 in good and lawful money of the United States, and have bound themselves as such sureties to said county for the performance by the said J. T. Long of all of the covenants and agreements entered into by the said J. T. Long with said Pierce County for the building of the courthouse and jail above referred to in accordance with the certain contract entered into by the said J. T. Long and the said County of Pierce:

"Now, therefore, the condition of the above obligation is such that if the said J. T. Long shall well and truly perform and fulfill the conditions of the contract entered into between him and the said County of Pierce, in manner and form as he is therein required to do, and at all times hereafter save harmless the said J. R. Addison, W. H. Fife, Van Ogle, Jacob Ralph, Charles T. Uhlman, J. B. Catron, T. A. Bringham, J. L. De Voin, J. C. Mann, and W. B. Kelly, their heirs, executors and administrators, of and from said obligation which the above-named sureties have entered into with the said J. T. Long to the said County of Pierce, and of and from all action, cost, and damage for and by reason thereof, then this obligation shall be void, otherwise to remain in full force and effect."

Long completed his contract in 1893, and, a dispute having arisen between him and the county in respect to the balance due him thereon, he, in that year, brought suit against the county in one of the courts of the state of Washington to recover what he claimed to be due him. He had not, however, paid in full for all of the materials used in the structures, and, as a consequence, he was sued in the courts of the same state by various of the parties furnishing material, in each of which suits judgment was obtained against him; one of which was recovered by the Brown-Haywood Company, a Missouri corporation, to which company all of the other judgments so recovered were afterwards assigned. Based on its own and the assigned judgments, the Brown-Haywood Company, together with Addison and the other sureties named in the bond first mentioned herein, commenced suit in the United States Circuit Court for the Eastern Division of the Western District of Missouri against the Missouri sureties on the bond of September 23, 1890, in which action the Brown-Haywood Company recovered judgment on the 24th day of March, 1899, for the aggregate sum of $25,305 (92 Federal, 851), the court in that case saying:

"Complainant's [the Brown-Haywood Company] equity may consist in the right to be subrogated to the securities held by its debtor [Long], or it may consist in its right to enforce an agreement made by the defendants [the Missouri sureties on the bond of September 23, 1890] for its benefit, under the doctrine of the case of Knapp v. Insurance Co., 29 C. C. A. 171, 85 Fed. 329 [40 L. R. A. 861].

The defendants to the suit in Missouri, namely, the makers of the bond of September 23, 1890, having paid the amount of the judgment thus given against them, brought, on the 29th day of December, 1900, the present suit against the county of Pierce, state of Washington, John T. Long, and one George T. Reid, as trustee of the estate of John T. Long; the latter having in October, 1898, been adjudged a bankrupt, and Reid having been appointed trustee of his estate, and thereafter having been substituted for Long in his suit against the county of Pierce, and having recovered as such trustee on the 1st day of April, 1901, judgment for the sum of $28,800 as the balance due from the county of Pierce to Long. Subsequent to its appearance in and answer to the present suit, and during its pendency, the county of Pierce paid to Reid, as trustee of the estate of the bankrupt, Long, the sum of $28,800, for which he had obtained judgment. In their replication to the answer of the defendants in this suit the complainants said:

"These replicants admit and confess that the services of George T. Reid as trustee of the estate of John T. Long, a bankrupt, and of Potter C. Sullivan as counsel, attorney, and solicitor, and the referee in bankruptcy, and C. J. Nunne and Frank La Wall, as mentioned and set forth in said respondent's and defendant's answer, were services rendered in such bankruptcy proceedings in said answer mentioned and set forth, and they hereby consent that the said sum of $12,000 paid to said Potter C. Sullivan, and the said sum of $288 paid to the referee in bankruptcy, and the sum of $465.45 paid to George T. Reid, trustee of the estate of John T. Long, a bankrupt, for said services, and each and all of the same, together with the sum of $1,100 claimed by said C. J. Nunne and Frank La Wall, may be allowed to each and all of them in said respective amounts, each and all of which

they admit are paid, save and except the sum of $1,100 to C. J. Nunne and Frank La Wall for stenographic work and typewriting, which they hereby consent may be paid to them for services in producing the fund received by the said George T. Reid, as such trustee, in the sum of $28,800; the sum total of the said amounts for all of the said services aforementioned, aggregating the sum of $13,853.45, which, deducted .from said $28,800, would leave a balance of $14,946.55 in the hands of said George T. Reid, trustee of the estate of John T. Long, a bankrupt; the whole and each and every part of which these replicants and complainants humbly hereby pray may be decreed and awarded them on account of the matters and things in their bill of complaint set forth in this cause, and which they humbly pray the court to award by decree to them; and establishing by said decree replicants' and complainants' right thereto by virtue of their equitable lien and assignment of and upon the said fund, and that the same may be decreed to belong to these replicants and complainants free from any claims or incumbrances of any person whatsoever, and held in trust by the said George T. Reid, trustee of the estate of John T. Long, a bankrupt, and directing the said trustee to at once pay over and deliver the same to these replicants and complainants herein in satisfaction of their said claim herein sued on; and they humbly pray as in their said bill they have already prayed."

The day after filing their replication the complainants moved the court for judgment against the "defendants George T. Reid, trustee of the estate of John T. Long, a bankrupt, and John T. Long, and against the fund of $14,946.55, now in the hands of the said Reid, as such trustee, and for an order and decree of this honorable court establishing in behalf of said complainants and replicants an equitable lien upon said fund, and decreeing the same to be held in trust for the use and benefit of said complainants and replicants, and subjecting the same to their rights herein, and decreeing them to be the owners of the same and every part thereof, and entitled to the same at once; and ordering said George T. Reid, as such trustee, to at once pay over and deliver the same upon the order of this court to said complainants and replicants, P. J. Pauly, Sr., P. J. Pauly, Jr., and Margaretha Pauly, as administratrix of the estate of John Pauly, deceased." That motion having come on for hearing, the court, after due consideration, entered an order, which is the subject of the present appeal, reciting and decreeing as follows:

"That said complainants herein, as shown by the pleadings in this cause, had an equitable lien upon said moneys from and after the execution of the contract between the respondents, Pierce county and John T. Long, for the erection and construction of said courthouse, and the execution of the bond by complainants in favor of said Pierce county, upon which complainants were liable as sureties, and as sureties of the sureties of said John T. Long, for materials and labor furnished in the erection and construction of said courthouse, and upon which bond complainants have been compelled to pay, prior to the commencement of this action, the sum of eighteen thousand dollars, under execution on judgment. That said equitable lien attached to said fund and the moneys retained by said Pierce county under the fifteen per cent. reservation clause contained in said contract between said Pierce county and said John T. Long; and that said complainants herein have a prior, superior, and paramount claim and lien upon said fund as against the respondents herein and the other creditors of said John T. Long that have filed their claims in bankruptcy against the said estate of said John T. Long; and that each and every part of the said sum now remaining in the hands of said trustee, to wit, the sum of $14,946.55, belongs to the complainants herein. And it further appearing to the court that Gladding, McBean & Co., a corporation, has commenced its certain action in equity in this court against said George T. Reid, as trustee of the estate of John T. Long, a

bankrupt, and against said Pierce county, Washington, being cause numbered 784, to recover as principal the sum of $2,150 and interest thereon; and it further appearing to the court that, after paying the expenses of producing said fund, the sum of only $14,946.55 remains in the hands of said trustee, which sum is not sufficient to pay the claim and lien of complainants against said fund; and it further appearing that said Gladding, McBean & Co. in said cause are claiming a lien upon said fund, which has not yet been determined by this court: It is therefore ordered, adjudged, and decreed that the respondent George T. Reid, as trustee of the estate of John T. Long, a bankrupt, be, and he is hereby, ordered and directed to pay over to the complainants herein, P. J. Pauly, Sr., P. J. Pauly, Jr., and Margaretha Pauly, as administratrix of the estate of John Pauly, deceased, or to their solicitors herein, Judson & Gerraghty and A. R. Titlow, the sum of thirteen thousand three hundred and forty-six and $^{55}/_{100}$ dollars (13,346.55) at once upon the entry of this order and decree—to which the said defendant and respondent John T. Long excepts, and his exceptions are allowed. It is further ordered, adjudged, and decreed that said George T. Reid, as trustee of the estate of John T. Long, a bankrupt, retain the balance of said fund now in his hands, to wit, the sum of $1,600, until the further order of this court in this cause. That upon the payment of said sum to said complainants or their said solicitors Judson & Gerraghty and A. R. Titlow, said trustee take a receipt therefor, which he shall hold as his voucher herein."

It thus appears that on their own motion the appellees' rights have become limited to the fund of $14,946.55 received by the trustee of Long's estate from the county of Pierce. That county was not, therefore, a necessary party to the appeal. The entire fund to which the controversy is now confined is, by the order appealed from, adjudged to belong to the appellees, and the appellant Reid is thereby adjudged to pay over to them forthwith $13,346.55 thereof. The fact that the trustee is directed to retain in his hands until the further order of the court $1,600 of the fund adjudged to belong to the appellees in no wise detracts from the right of appeal by those parties who likewise claim the entire fund, and from whom it was taken by the decree. The motion to dismiss the appeal is denied.

Upon the merits we think the case is also quite clear. It is not for us to say whether the suit in the Circuit Court for the Eastern District of Missouri was or was not rightly decided. By the judgment of the court in that case the sureties on the bond of September 23, 1890, were compelled to pay the judgments recovered by the materialmen in the state of Washington. They were thus compelled to pay, and did pay, more than the amount of the fund in controversy. Those judgments were obligations for which not only the Washington sureties were liable upon the bond executed by them, to whose rights the Missouri sureties, as their indemnitors, were entitled to be subrogated (Brand on Suretyship & Guaranty, § 276), but on which the complainants, by reason of the dual obligation of their own bond, were directly liable, as was adjudged by the Circuit Court for the Eastern District of Missouri in the suit against them, where the court said:

"As already observed, the bond in suit, although made to Addison and others as nominal obligees, contains a stipulation requiring the defendants. in effect, to pay materialmen's claims, and thus conform to the obligation imposed on Addison and others by their bond and by the laws of the state of Washington; and, even though the defendants might be released from liability to the obligees named by reason of the change in the contract, they are not released from their liability incurred in favor of material men."

In the latter aspect the complainants' right of subrogation was a right to resort to the securities and remedies which the county of Pierce was capable of enforcing against Long had the security not satisfied his obligations, one of which remedies was the right, based upon the original contract, to appropriate the money retained in its hands. Prairie State Nat. Bank v. U. S., 164 U. S. 227, 232, 17 Sup. Ct. 142, 41 L. Ed. 412; First Nat. Bank v. City Trust, Safe Deposit & Surety Co., 114 Fed. 529, 52 C. C. A. 313. And, as indemnitors of the Washington sureties, the complainants, having paid, under compulsion, the debts for which they were bound, are entitled to subrogation, the same as they would have been had they paid them. Brandt on Suretyship and Guaranty, supra; Am. & Eng. Ency. of Law, vol. 24 (1st Ed.) p. 226.

The contract between the county and Long under and in pursuance of which the bonds in question were given, provided, in respect to payments, as follows:

"And it is hereby mutually agreed between the parties hereto, that the sum to be paid by the owner to the contractor for said work and material shall be two hundred and seventy thousand dollars ($270,000), subject to additions or deductions on account of alterations as hereinbefore provided. That such sum shall be paid in county warrants on funds to be provided for the same if the owner elects in current funds by the owner to the contractor in installments, as follows: Eighty-five per cent. of the value of the work done and the material furnished as the work proceeds, as the architect shall estimate.

"It being understood that the final payment shall be made within thirty days after this contract is completely finished: provided, that in each of said cases the architects shall certify in writing that all the work upon the performance of which the payment is to become due has been done to their satisfaction: and provided further, that before each payment if required the contractor shall give the architect good and sufficient evidence that the premises are all free from all liens and claims chargeable to the said contractor; and further, that if at any time there shall be any lien or claim for which if estabished the owner of the said premises might be liable and which would be chargeable to the said contractor, the owner shall have the right to retain out of any payment then due or hereafter to become due, an amount sufficient to completely indemnify it against such liens or claim until the same be effectually satisfied, discharged, or canceled. And should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharge of any lien on said premises made obligatory in consequence of the former's default."

Upon the fund retained by the county of Pierce by virtue of the contract the complainants were, under the doctrine of the cases above cited, properly held entitled to an equitable lien.

The judgment is accordingly affirmed.