NELLIE W. FOLLANSBEE *vs.* O. J. JOHNSON and others.

October 4, 1881.

**Promise for Benefit of Third Person—Action by Him.**—If A conveys property to B, and as the consideration, or as a part of the consideration, for the transfer, B promises A that he will pay to C a debt due him from A, C may maintain an action against B to recover the amount of the debt.

**Evidence excluded for Want of Proof of other Facts.**—Evidence which can be material and competent in a cause only upon proof of other facts, may be excluded, unless such other facts are proved or offered to be proved.

Appeal by defendant Johnson from a judgment of the municipal court of Minneapolis.

*Ueland & Shores,* for appellant.

*J. H. Bradish,* for respondent.

GILFILLAN, C. J.   On November 5, 1878, Amanda A. and Louis F. Menage made their note to Henry G. Menage, and, to secure it, executed their mortgage upon three lots in Minneapolis.   November 19, 1878, they conveyed the lots to defendant.   In the deed of conveyance was a clause to the effect that, as a part of the consideration for it, the grantee assumed and agreed to pay the grantor's note and mortgage.   Afterwards the mortgagee assigned the note and mortgage to plaintiff.   This is a personal action to recover, on the defendant's contract with his grantor, the debt secured by the note and mortgage.

The decided weight of authority in this country is to the effect that, with regard to contracts not by specialty, the person for whose benefit the promise is made may enforce it, though he be a stranger to the contract and to the consideration.   This is inconsistent with the general rule that an action on contract cannot be maintained unless there is privity of contract between the parties.   But justice would be imperfectly administered if no exceptions were allowed to that general rule.   Many trusts arising *ex contractu* would fail.   We will not undertake to define the cases in which an exception shall be

allowed in favor of the person for whose benefit stipulations in a contract between others are made.    One exception, recognized by a mass of authorities in this country, too great to be disregarded, is where the contract creates a duty or relation in the nature of a trust; as if A should transfer property to B, and as the consideration, or as part of the consideration, for the transfer, B should assume and promise to pay debts of A.    In such case the consideration retained might well be regarded as held in the nature of a trust for the persons indicated by the contract.    That such persons may maintain an action at law against the party promising, was held in the following among a great number of cases: *Morgan* v. *Overman Silver Mining Co.*, 37 Cal. 534; *Snell* v. *Ives*, 85 Ill. 279; *Helmer* v. *Kearns*, 40 Ind. 124; *Johnson* v. *Knapp*, 36 Iowa, 616; *Anthony* v. *Herman*, 14 Kan. 494; *Joslin* v. *N. J. Car Co.*, 36 N. J. L. 141; *Thompson* v. *Thompson*, 4 Ohio St. 333; *Urquhart* v. *Brayton*, 12 R. I. 169; *Hind* v. *Holdship*, 2 Watts, 104; *McDowell* v. *Laer*, 35 Wis. 171; *Sanders* v. *Clason*, 13 Minn. 379; *Campbell* v. *Smith*, 71 N. Y. 26.    This is that kind of case, and we hold the action maintainable.

One other question was made in the case: In his answer, the defendant alleged that the clause by which he was made to assume and promise to pay the note and mortgage was fraudulently inserted by Louis F. Menage; was contrary to the actual agreement, which was that he should not assume or pay any encumbrances on the real estate; and that, he supposing the deed would be made according to the actual agreement, the clause in it escaped his attention till after the delivery.    On the trial, he offered to prove by oral testimony that the agreement between him and his grantors, both before and at the time of the execution of the deed, was that he would not pay any encumbrances on the land; that his attention was not called to the clause in the deed till a month after the delivery, and that he then disclaimed it.    Assuming that the answer was sufficient to admit proof of fraud, the evidence offered was entirely incompetent.    There was no proof nor offer to prove how the clause came to be inserted; who inserted it; how it escaped defendant's attention; why he did not see it when he read the deed; or, if he did not read it, why he did not do so.    The offer as it was made, without proof of, or offer

to prove, other facts, was merely an offer to contradict the deed, to vary the agreement set forth in it. Assume that the grantors prepared the deed and inserted the clause, and that the clause was contrary to what had been agreed on, that alone would not be fraud, to avoid the contract; for, if the grantee accepted the deed as prepared, he was bound by it as fully as though it were drawn precisely as the parties had agreed on. The only way he could avoid it was by showing that he was induced to accept it without knowing that the clause was in it, by some fraudulent act or representation—as that, if he could not read, it was falsely read to him; or that he accepted it without reading, in consequence of fraudulent acts or representations of the grantors on which a prudent man, under the circumstances, would have relied. To admit in such a case proof such as was here offered would open the door to the dangers which the rule excluding oral testimony to vary a written contract is intended to avoid.

It is suggested that, in the nature of the case, the defendant had to proceed step by step, first proving one fact and then another, to show the fraud, and that the fact he offered to prove was one of the facts to constitute the fraud, and that he had a right to prove it, even though, standing alone, it was not sufficient to make out his case. But when evidence is, in the absence of certain facts, not only immaterial but incompetent for any purpose in the case, and can be made competent only by other evidence, the court is not bound to receive it; and it is not error to reject it until such other evidence is introduced, or at least offered, or the court informed that it will be offered. It has been held that an offer of testimony must be so full as to enable the court to see that the testimony is material. *Austin* v. *Robertson*, 25 Minn. 431. It certainly ought to be so full that the court may see that the testimony is competent. The testimony offered here was both immaterial and incompetent, in the absence of testimony that the defendant was induced to accept the deed just as it was by some fraudulent act or representation on the part of the grantors.

Judgment affirmed.