J. N. STARIHA and another, Executors, *vs.* SAMUEL D. GREENWOOD.

December 23, 1881.

Promise to Pay Third Person—Action by Latter.—*Held*, following *Follansbee* v. *Johnson, ante*, p. 311, if one party conveys property to another, and, as a consideration therefor, the grantee promises the grantor to pay to a third party a debt due him from the grantor, such third party may maintain an action against the grantee to recover such debt.

Same—Statute of Frauds.—Such a promise is an original and not a collateral one, and therefore not a special promise to pay the debt of another, and need not be in writing.

Same—Evidence—Admission of Debt by Promisor.—In an action by such third party against the grantee, to recover the debt, evidence having been introduced of the promise to the grantor, which the grantee denied, it was competent to show subsequent promises to pay, or offers to secure the debt, made by a grantee to a third party, the same being in the nature of an implied admission, by conduct, of an existing liability on his part to pay the debt.

The plaintiffs are executors of Timothy Kirby. The defendant appeals from an order of the district court for Goodhue county, *Crosby*, J., presiding, refusing a new trial, after verdict for plaintiffs.

*J. C. McClure*, for appellant.

*James W. Bass*, for respondents.

MITCHELL, J.   This action was brought to recover of defendant the amount of a promissory note, executed by one Michael Gaffney to said Kirby. The allegations of the complaint—which are supported by the evidence—are that in consideration of, and as part purchase price of, certain real estate sold and conveyed by Gaffney to defendant, the latter agreed to and with Gaffney to pay Kirby the note referred to. The complaint does not allege that Kirby or his representatives, prior to the commencement of this action, ever accepted defendant's promise, or released Gaffney. The promise or agreement of defendant to Gaffney was not in writing.

The points made by appellant are (1) that plaintiffs could not maintain an action upon a promise made to Gaffney for a consideration moving from Gaffney, unless there had been, prior to the commencement of this action, a novation of parties by an acceptance of this promise and a release of Gaffney; (2) that the promise of defendant was a special promise to pay the debt of another, and, not being in writing, was void under the statute of frauds.

The question involved in the first point was considered and decided by this court in *Follansbee* v. *Johnson, ante,* 311, in which it was held that if one party conveys property to another, and, as a consideration or part consideration for such transfer, the grantee promises the grantor that he will pay to a third party a debt due him from the grantor, such third party may maintain an action against the grantee to recover such debt. To this extent, at least, it must be considered the settled law of this state that a person for whose benefit a promise is made may enforce it, although a stranger to the contract and to the consideration. Where a debtor transfers his property to another, who, in consideration thereof, promises to pay the debt of the former, the promise is an original and not a collateral one, and therefore not within the statute of frauds, and need not be in writing. *Sullivan* v. *Murphy,* 23 Minn. 6.

. After introducing evidence tending to show the promise of defendant to Gaffney to pay this debt to Kirby and the consideration therefor, (which facts were denied by defendant,) the plaintiff was permitted, against the objection and exception of defendant, to show that subsequently defendant had offered to Kirby to give him security for the payment of this note, and gave him, as a reason for not then paying it, that he had no money then, and would not have any until the next month. The appellant, we think, misapprehends the purpose of this evidence. It was not offered for the purpose of proving a contract between defendant and Kirby, or a contractual promise by him to Kirby, as the basis of defendant's liability to pay this note. These acts of defendant were in the nature of an implied admission of his liability to pay the note. Unless explained, such conduct would be inconsistent with defendant's present denial that he ever agreed with Gaffney to pay the note to Kirby, and hence strongly corroborative of Gaffney's testimony that he did so agree. For that purpose the evidence was clearly admissible as an admission by conduct.

Order affirmed.