THE MARBLE SAVINGS BANK V. W. D. MESARVEY,
*et al.,* Defendants, and A. H. NEEB AND JOHN
F. KEEFNER, Appellants.

**Assuming Mortgage: PERSONAL LIABILITY OF GRANTOR.** A cove-
nant by a purchaser of mortgaged premises, to pay the mortgaged
debt may be enforced by the mortgagee, whether such purchaser's
immediate grantor was personally liable for the debt or not.

*Appeal from Polk District Court.—*HON. W. A. SPUR-
RIER, Judge.

WEDNESDAY, FEBRUARY 10, 1897.

THIS is an action in equity for judgment on a note,
and for the foreclosure of a mortgage securing it upon
certain real estate. The note was executed by the
defendant, W. D. Mesarvey, to the Lewis Investment
Company, was for two thousand five hundred dollars,
dated September 15, 1888, and due five years there-
after, and drew interest. The mortgage was executed
by said Mesarvey and wife upon a certain tract of
ground in the city of Des Moines, Iowa. The note
and mortgage were transferred to the plaintiff by the
Lewis Investment Company. May 2, 1893, the defend-
ants and appellants, Neeb and Keefner, purchased the
real estate described in the mortgage, and, as a part
of the consideration or purchase price of said property,
assumed and agreed to pay said mortgage; said obli-
gation being embraced in the deed to them from one
S. S. Smith and wife, and being in these words, viz.:
"Subject to a mortgage of two thousand five hundred
dollars, given to the Lewis Investment Company, which
the grantee herein assumes the payment of." Personal
judgment was asked against Neeb and Keefner, also a
decree of foreclosure of the mortgage. The defendants

filed no answer and made no appearance. On the trial, the plaintiff introduced its note and mortgage in evidence, also the warranty deed from Smith and wife to these defendants and appellants, which contained the clause above mentioned. A personal judgment was rendered against Neeb and Keefner, and a decree of foreclosure was entered as against them and other defendants. Thereafter Neeb and Keefner appealed from said judgment and decree.—*Affirmed.*

*Berryhill & Henry* for appellants.

*Lewis & Royal* for appellee.

KINNE, C. J.—I. There is a contention as to the right of appellants to have the question raised considered. As we have arrived at the conclusion that upon the merits, the case should be affirmed, we do not consider the point made, but treat the question as properly before us for determination.

II. If the evidence showed that appellants' grantor had purchased the real estate upon which the mortgage rests, which is foreclosed in this case, from the mortgagor, under an obligation to pay the mortgage debt, or if it appeared that all intervening purchasers of said premises had assumed and agreed to pay the mortgage debt, appellants, we take it, would not question the right of appellee to recover a personal judgment against them upon their agreement to pay this mortgage. The controversy arises over the fact that it is not shown that intervening purchasers of the land had assumed the payment of this debt, nor that appellants' grantor was in any way obligated to discharge said indebtedness. No case decided by this court is called to our attention, wherein the facts involved were like those in the case at bar. A somewhat extended examination of the

decisions in other jurisdictions, as well as an investigation of the law as laid down by leading authors, reveals the fact that there is much disagreement as to the grounds upon which one who is not primarily liable to pay the mortgage debt, but purchases the mortgaged premises, and agrees to discharge said debt, is held liable. In some cases it is held that the contract to pay the mortgage, operates as a collateral security, obtained by the mortgagor, which by the subrogation inures to the benefit of the mortgagee. And so it has been held that the mortgagee can recover a personal judgment only against the person who agreed to pay the debt, when the mortgagor holds an obligation which will support the judgment. 1 Jones, Mortg., section 761a. In some states, and we think in most of them, it is held that the one assuming payment of the debt is liable upon the broad principle that a promise of one person to another for the benefit of a third person may be enforced by the latter. 1 Jones, Mortg., section 758; 3 Pomeroy, Eq. Jur., section 1207; 1 Beach, Mod. Law Cont., section 196-200, and notes. This is the recognized doctrine in this state. *Gilbert v. Sanderson*, 56 Iowa, 352 (9 N. W. Rep. 293); *Ross v. Kennison*, 38 Iowa, 396, and cases cited. It is held, however, in some of the states adhering to the rule last stated, that there can be no recovery in such a case unless the grantor is personally liable upon the mortgage which his grantee assumed to pay. Hence it is said that "such a covenant, made by one to whom the premises are conveyed, after several conveyances have intervened since the conveyance by the mortgagor, cannot be enforced by the holder of the mortgage, unless the grantor in whose deed payment was assumed, had himself assumed the payment of the mortgage debt, or made himself personally liable for it in some way." 1 Jones, Mortg., section 760; 1 Beach, Mod. Law Cont., section 200-202, and notes. This is the rule

contended for by appellants in this case. It is therefore simply a question whether the obligation assumed by one who purchases the mortgaged premises, and agrees to pay the mortgage debt, shall be held to be available to the mortgagee or his assignee in all cases, or only in cases where the purchaser's immediate grantor was personally liable for the payment of the debt. The latter is the rule in New York and some other states. Upon principle we discover no reason for limiting the application of the rule to recovery in cases wherein the immediate grantor is personally liable to the mortgagee or his assignee.

The theory upon which personal liability to a third person, not a party immediately to the contract, is based, is that one may lawfully agree with another to pay a third person, and that in such a case no consideration need pass to such third person, nor need he even know of the arrangement. The consideration for this land, in part, was the discharge, or payment, of this mortgage by the purchasers. As between the purchasers and their grantor there can be no question that such grantors could enforce the contract. Now, surely, such grantors have the right, if they wish, to direct the application of the purchase money; and it is therefore a matter of no concern to such a purchaser, who agrees to pay the mortgage debt, as to whether his grantor is personally liable to pay said debt. We discover no reason for limiting recovery to a case where the purchaser's immediate grantor is under a personal obligation to pay the mortgage debt. We think the decree was correct.—AFFIRMED.