## JOHN W. PINCH v. JOHN McCULLOCH.

April 26, 1898.

Nos. 10,990—(97).

**Action on Second Mortgage Note—Assumption by Successive Grantees—Defense—Delay in Prosecuting Principal Debtor—Release of Surety—Redemption from Prior Mortgage.**

The defendant, by an assumption clause in a deed to him, agreed to pay a first and second mortgage on the land conveyed. Thereafter he conveyed the land, and his grantee assumed and agreed to pay both mortgages, and in turn conveyed it to a third party, who also agreed to pay the mortgages. The first mortgage was foreclosed and no redemption was made. The holder of the second mortgage took no steps to collect the debt secured thereby from either the defendant's grantee or the grantee of the latter, who was solvent for five years after the note became due, and then became insolvent. *Held*, that the holder of the second mortgage was not bound to redeem from the first one; and, further, that his mere passive failure to enforce payment of his debt from such solvent grantee did not discharge the defendant from liability on his promise to pay the second mortgage.

Same—Statute of Limitations—Running of Statute.

> *Held*, further, that the statute of limitations on the defendant's promise
> began to run from the due day of the debt assumed, and not from the
> date of the promise.

Appeal by defendant from a judgment upon the pleadings in
favor of plaintiff for $584.44, entered in the district court for Ram-
sey county pursuant to the order of Kelly, J.   Affirmed.

*James H. Barnard,* for appellant.

*J. W. Pinch,* for respondent.

START, C. J.

Judgment was ordered and entered herein in favor of the plaintiff
upon the pleadings, from which the defendant appealed.   The rec-
ord presents a single question for our determination.   It is, does
the answer state facts constituting a defense.   We answer it in the
negative.

This action is to recover from the defendant, upon an assumption
clause in a deed to him, the amount of a promissory note for $383,
due December 19, 1891, with interest, and secured by a second mort-
gage upon real estate executed by the makers of the note to Clark
B. Davison.   The mortgagors conveyed the mortgaged premises to
the defendant, who, in consideration thereof, assumed and agreed
to pay the mortgage as well as a prior mortgage on the premises for
$800.   The plaintiff is the owner of the note and mortgage in ques-
tion (which has not been paid) through certain mesne assignments
from Davison.   Substantially the foregoing are the allegations of
the complaint, and they are admitted by the answer.

For a defense the defendant alleges that on March 27, 1890, he
conveyed the mortgaged premises by warranty deed, duly recorded,
to G. W. Board, who by an assumption clause therein agreed to pay
the mortgages; that on November 18, 1890, Board conveyed the
mortgaged premises, by warranty deed duly recorded, to the Bank
of Superior, which by an assumption clause therein agreed to pay
the mortgages; that both Board and the bank are insolvent, but
that the bank was able and willing to pay the note down to the
close of the year 1896, when it made an assignment for the benefit
of its creditors; that the note was never presented to the bank for

payment, and, further, that the $800 mortgage was foreclosed January 5, 1893, and no redemption made therefrom; that defendant had no notice that the note had not been paid until September 2, 1897. The answer also pleads the statute of limitations as a defense.

1. The defendant claims that this case falls within the settled rule of equity that any laches by the creditor in the care or management of collateral remedies or securities, if loss ensues, will discharge the surety pro tanto. This rule has no application to the facts of this case. When the defendant assumed and agreed to pay the note and mortgage he became, as between him and the makers, the principal debtor, and they the sureties, and in like manner his grantee became the principal debtor, and he a surety, and the grantee of the latter, the bank, became the principal debtor, November, 1890. In other words, from maturity of the note, December 19, 1891, to the close of the year 1896, the defendant was a surety for the debt, and the bank the principal debtor, during which time it was solvent, and would have paid the note if it had been presented for payment, but the principal is now insolvent.

No laches can be charged to the plaintiff or his assignor in not redeeming from the first mortgage. They were not bound to pay it off or redeem from the foreclosure sale. Besides, there is no claim made that the land was worth any more than the first mortgage. The defendant had the right, at any time after the note became due, to pay it, and be subrogated to all the rights of the mortgagee or his assignee to the note and the mortgage securing it, and thereby put himself in a position to redeem from the first mortgage or to enforce payment by the bank. No claim is made that the time of payment of the note was ever extended, and this case is one where the creditor simply delayed enforcing his claim against the principal debtor, who in the meantime became insolvent. Such mere passive failure to pursue the principal debtor does not release the surety. Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161; Benedict v. Olson, 37 Minn. 431, 35 N. W. 10; Osborne v. Gullikson, 64 Minn. 218, 66 N. W. 965.

2. This action was commenced September 24, 1897. The defendant's promise to pay the note and mortgage in question was made

February 26, 1890, but the debt which the defendant assumed and agreed to pay was not due until December 19, 1891. If, as the defendant claims, the statute began to run from the date of his promise, this action is barred. But no action could have been maintained against the defendant on his promise to pay the debt until it became due and he had a right to pay it; hence the statute commenced to run from the time the debt matured, December 19, 1891, and this action is not barred.

Judgment affirmed.