L. T. CLEMENT v. DAVID WILLETT and Another.[1]

August 7, 1908.

Nos. 15,579—(128).

**Covenant Running with the Land.**

A provision in a deed whereby the grantee assumes and agrees to pay an existing mortgage does not create a covenant which runs with the land, although inserted in connection with the covenants of seisin and against incumbrances.

**Assumption of Mortgage.**

Such an assumption contract creates no enforceable obligation, unless the grantor in the deed was personally liable to pay the mortgage debt, or owed the owner thereof some duty or obligation respecting the subject-matter of the promise. Kramer v. Gardner, 104 Minn. 370.

**What Law Governs Contract.**

A deed which conveyed land situated in Iowa, executed and delivered in Minnesota, between parties residing therein, contained a provision by which the grantee assumed and agreed to pay an existing mortgage on the land conveyed. *Held*, that the assumption agreement is a personal contract, and governed by the laws of Minnesota.

Action in the district court for Martin county by the administrator of the estate of John Schmitt, deceased, to recover $1,099.51 alleged

[1] Reported in 117 N. W. 491.

to be the deficiency due after sale of mortgaged premises upon foreclosure. From an order, Quinn, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Harrington & Dickinson* and *Dean & Palmer,* for appellant.

*Putnam & Nicholsen,* for respondent.

ELLIOTT, J.

This is an appeal from an order sustaining a demurrer to a complaint which in substance alleges the following facts: In November, 1904, Fred Schaer and wife gave to John Schmitt, a resident of Iowa, a mortgage on eighty acres of land in Kossuth county, Iowa, to secure the payment of three promissory notes, aggregating the sum of $1,300. On July 11, 1905, Schaer and wife conveyed the land to Frank P. Barnes. Barnes did not assume and agree to pay the debt secured by the Schmitt mortgage. Thereafter, on September 28, 1905, Barnes and wife conveyed the land to David Willett by a deed which recited: "That the same are free from all incumbrances, except a lien created by a public drain number three of Kossuth county, Iowa, assessed at $403.20, which lien second party assumes and agrees to pay, also a mortgage of $1,300 in favor of John Schmitt, and a mortgage of $1,500 in favor of Rose M. Bulson. Said second party assumes and agrees to pay these two mortgages." Default was made, and under foreclosure the land realized but $342.30 for the mortgagee. This action was then brought by the administrator of the estate of John Schmitt to obtain a personal judgment for the deficiency against Willett, on the theory that he became liable therefor by virtue of the assumption clause in the deed from Barnes to Willett.

The question is whether the owner of the mortgage can enforce the assumption agreement made with a grantor who had not himself assumed personal liability for the mortgage and owed no duty or obligation to the owner thereof respecting the subject-matter of the promise. It is the settled law of this jurisdiction that there can be no recovery in such a case. If the grantor is personally liable to pay the debt, the mortgagee or his grantee may maintain an action against the assuming grantee (Follansbee v. Johnson, 28 Minn. 311, 9 N. W. 882; Connecticut Mut. Life Ins. Co. v. Knapp, 62 Minn. 405, 64 N. W. 1137; Pinch v. McCulloch, 72 Minn. 71, 74 N. W. 897); but when the im-

mediate grantor is not liable, and owes no duty or obligation to the owner of the mortgage in respect to the subject-matter, no cause of action arises in favor of the owner of the mortgage. Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, and cases cited. In this instance there was no debt or obligation due from Barnes to Schmitt, which Willett agreed to pay as part of the consideration, and thus made his own debt; and under the decisions in the state no cause of action arose in favor of Schmitt. But in Iowa an action may be maintained by the owner of the mortgage, regardless of whether the immediate grantor was liable to pay the debt secured by the mortgage. Marble v. Mesarvey, 101 Iowa, 285, 70 N. W. 198.

The appellants contend that the validity of this assumption contract should be determined by the laws of Iowa, because (a) such was the intention of the parties; (b) it was to be performed in Iowa; (c) it is a part of the deed, which should be construed as a whole; and (d) it is a part of the covenants of seisin and against incumbrances, and therefore runs with the land.

We cannot agree with the appellant that the contract to assume and pay the mortgage is a part of the covenant of seisin or the covenant against incumbrances. It is true that it is written into the deed in connection with these covenants; but this is not controlling. The question of what covenants in a deed run with the land received such full consideration by Mr. Justice Lewis in the recent case of Sjoblom v. Mark, 103 Minn. 193, 114 N. W. 746, as to render any detailed discussion at this time unnecessary. Covenants of seisin and against incumbrances are real covenants and run with the land (Security Bank of Minnesota v. Holmes, 68 Minn. 538, 71 N. W. 699; McClure v. Dee, 115 Iowa, 546, 88 N. W. 1093, 91 Am. St. 181; Schofield v. Iowa, 32 Iowa, 317, 7 Am. 197) and are, therefore, to be governed by the law of the state where the land is situated (11 Cyc. 1052). Such covenants, whether they impose burdens or confer benefits, pass with the land to the grantees thereof. But, strictly speaking, at law there must be privity of estate existing between the parties when the covenant is made, and it must concern the land or estate. "The covenant must respect the thing granted or demised. When the thing to be done or omitted to be done concerns the lands or estate, that is the medium which creates the privity between the plaintiff and defend-

ant." It must inhere in or be attached to the land, or relate to its mode of occupation or enjoyment, and it runs with the land when either the liability to perform it or the right to take advantage of it passes to the assignee. Kettle River R. Co. v. Eastern Ry. Co., 41 Minn. 461, 43 N. W. 469, 6 L. R. A. 111. See also Shaber v. St. Paul Water Co., 30 Minn. 179, 14 N. W. 874. "If * * * the covenant does not extend to, nor affect the quality, value, or mode of enjoying the land conveyed, and is merely collateral to it, or is of such a character that a performance of it will defeat the estate of the party claiming the performance, then it does not run with the land, nor bind the assignee of the covenantor, though he be expressly included by the general term assigns." Glenn v. Canby, 24 Md. 127.

The agreement to assume and pay a mortgage manifestly is not such a covenant. It is the personal agreement of the grantee to pay money due to a third person for which the grantor is bound, and the legal effect of which is to create the relation of principal and surety. Travers v. Dorr, 60 Minn. 173, 62 N. W. 269. The contract does not relate to or in any manner concern the land conveyed, or its use and enjoyment. The covenant against incumbrances relates to the title and inheres in and passes with the land; but an agreement to assume and pay to a third party a mortgage which constitutes an incumbrance is of a different character. It is not an integral part of the deed, but is a collateral personal contract, which does not run with the land. It much resembles an agreement on the part of a grantee to pay all taxes due on the land at the time of the conveyance, of which, in Graber v. Duncan, 79 Ind. 565, it was said: "An agreement to discharge an existing lien or incumbrance on the land conveyed, although contained in the deed, does not create a covenant running with the land. Such an agreement amounts ordinarily to a mere contract to do a particular thing, within a specified or a reasonable time, from a breach of which damages may result to the grantee, and not to a covenant annexed to or connected with the realty in such a way as to run with and be appurtenant to it." That an agreement to assume a mortgage is not a covenant which constitutes an integral part of the deed appears from the rule that covenants in deeds cannot be varied by parol evidence (Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399; Allen v. Allen, 48 Minn. 462, 463, 51 N. W. 473; Bruns v. Schreiber, 43 Minn. 468,

45 N. W. 861), while an agreement to assume a mortgage may be shown by parol evidence, and the obligation be imposed although the deed is silent. The covenant is an integral part of the deed, while the agreement to pay the mortgage is a collateral and personal contract relating to the consideration.

The mortgage referred to is upon land in Iowa, and its validity must be determined by the laws of that state; but the assumption contract was made in Minnesota between persons residing therein. It was a personal contract between Barnes and Willett. It did not relate to real property, or any interest therein, within the meaning of the law relating to covenants which run with the land. It was intended to provide for the payment of the debt secured by the mortgage by means separate and distinct from the enforcement of the mortgage lien upon the land. The contract itself is silent as to the place of performance, and it cannot be inferred that Willett was to perform the obligation out of the state where the contract was entered into. Where no place of performance is specified in a contract, it is presumed that it is to be performed in the jurisdiction where made, and the debtor is not bound to tender performance in another state.

Our conclusions are that the assumption contract did not provide for its performance within the state of Iowa, and that it does not appear that the parties intended that the validity of the obligation should be determined by the laws of Iowa, instead of the laws of Minnesota.

Order affirmed.