## H. F. WOOD v. J. T. JOHNSON.[1]

April 19, 1912.

Nos. 17,518—(55).

**Deed — agreement by grantee to pay mortgage.**

It is the law of this state that a provision in a deed, whereby the grantee agrees with the grantor to assume and pay an outstanding mortgage on the property conveyed, creates no enforceable obligation, unless the grantor is

[1]Reported in 135 N. W. 746.

personally liable to pay the debt; but, if the grantor is personally liable, the mortgagee or his assignee may enforce the obligation by action against the assuming grantee.

**Personal liability of grantor.**

Whether the grantor in such a deed is personally liable for the mortgage debt is to be determined according to the laws of the state where his contract was made. If such laws make the grantor personally liable, his grantee, who assumes and agrees to pay the mortgage, is liable, though such assumption agreement be made in this state.

**Action by mortgagee — pleading foreign statute.**

In an action by the mortgagee or his assignee in the courts of this state to enforce the assumption agreement made by such grantee, it is not necessary to plead the laws of another state, under which his grantor was liable for the debt. Such laws are merely evidentiary facts, as distinguished from issuable facts. Thomson-Houston Electric Co. v. Palmer, 52 Minn. 174, followed and applied.

Action in the district court for Clay county to recover $2,455.90 alleged to be due upon a judgment, mortgage note and mortgage. The case was tried before Taylor, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Christian G. Dosland,* for appellant.
*Edgar E. Sharp,* for respondent.

BUNN, J.

R. B. Ballard was the owner of a lot in Radcliffe, Iowa, and in January, 1905, executed to H. A. Miller his note for $5,000, secured by a mortgage on the property. The note contains the recital: "This note is secured by first mortgage vs. lot 12, block 5, Radcliffe, Iowa, and maker is relieved of all personal liability hereon."

Ballard resided in Iowa, and in June, 1905, conveyed the mortgaged premises to Murry A. Wood, also a resident of Iowa. In the deed Wood assumed and agreed to pay the mortgage. In July, 1905, Wood conveyed to Ed Rorem, also a resident of Iowa, and in the deed Rorem assumed and agreed to pay the mortgage. June 24,

1907, Rorem deeded the property to defendant, who was and is a resident of Minnesota. In the deed defendant assumed and agreed to pay the mortgage.

In March, 1908, the then holder of the mortgage foreclosed by an action in the courts of Iowa. In this action judgment for the debt was rendered against Wood and Rorem, on their assumption agreements; but Johnson, defendant here, not being a resident of Iowa, was not personally served, and no judgment was entered against him. The mortgaged premises were sold under the decree for $3,125, leaving a deficiency of $2,415. In May, 1908, the right of action against Johnson arising from his assumption of the mortgage debt was assigned to plaintiff, who subsequently brought this action to recover the amount of the deficiency. Defendant answered, pleading that his assumption of the debt was without consideration, and also setting up fraud. A demurrer was sustained to that part of the answer which attempted to plead fraud, and defendant did not appeal from the order, or amend. The case was tried on the issues made by the pleadings, and resulted in findings of fact and conclusions of law in plaintiff's favor. Defendant moved for amended findings, but the motion was denied. The trial court also denied defendant's motion for a new trial, and defendant appealed from this order.

No questions of fraud or mistake are presented by the record. It appeared from the evidence that defendant and Rorem entered into a written contract in Minnesota by the terms of which Rorem agreed to sell to defendant the property in Radcliffe, Iowa, "free from any incumbrance, except a mortgage for $5,000," and defendant, in exchange, agreed to sell and convey to Rorem one hundred twenty acres of land in Clay county, Minnesota, "free from any incumbrance, except mortgages for $3,350."

The deed of the Radcliffe, Iowa, property was in pursuance of this contract, but, contrary to the terms of the contract, contained a clause by which the grantee assumed and agreed to pay the mortgage. Though this may have been done through fraud, the answer on which the case was tried did not make this issue, and the evidence

is insufficient to make a case of more than a suspicion that defendant may have been a victim of sharp practices. The condition of the pleadings prevents relief on the ground of fraud or mistake, even if we could hold that the evidence was sufficient, and overlook defendant's retention of the deed for nearly a year after his discovery that it contained the assumption clause, without repudiating the instrument or taking steps to have it reformed. While defendant's plight appeals to our sympathy, we must determine the case solely on the record before us.

Defendant's contention in brief is that, because Ballard, the mortgagor, was not liable personally for the debt, the promise of his grantee to pay the mortgage did not create a right of action in the mortgagee, and that this applies to each succeeding promise made by the subsequent grantees. It is the settled law in this state that a third person, for whose benefit a contract is made, cannot enforce such promise, when there is no privity, by contract or otherwise, between the promisee and the beneficiary—no obligation or duty owing from the former to the third person giving the latter an equitable claim to the benefit of the promise. Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L.R.A.(N.S.) 492. Or, as stated in Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L.R.A. 257, 39 Am. St. 618, "a stranger to a contract between others in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, cannot recover."

This rule was applied in Nelson v. Rogers, 47 Minn. 103, 49 N. W. 526, to a promise by the grantee of land to pay an outstanding mortgage for which the grantor was not personally liable, and it was held that such a promise could not be enforced. This is clearly the law in Minnesota, and is, we think, sound law; but the converse of the proposition is just as clearly settled and just as sound. Where there is a legal obligation on the part of the promisee to the third person, as where the grantor is personally liable to him for the payment of a mortgage, the third person may enforce the promise. In

the case of an agreement by the grantee in a deed to pay an outstanding mortgage, the principle upon which the liability is based is that the promise forms a part of the consideration for the purchase, and relieves the grantor from a legal obligation to pay the debt himself. Kramer v. Gardner, supra; Follansbee v. Johnson, 28 Minn. 311, 9 N. W. 882; Stariha v. Greenwood, 28 Minn. 521, 11 N. W. 76; Maxfield v. Schwartz, 43 Minn. 221, 45 N. W. 429; Gaffney v. Sederberg, 114 Minn. 319, 131 N. W. 333.

It follows, then, that if defendant's grantor, Rorem, was legally liable to pay the mortgage debt, defendant's promise can be enforced by the mortgagee or his assignee. It may be conceded that if the land were in Minnesota, and all the various assumption agreements were Minnesota contracts, Rorem's promise to pay the mortgage debt would not create any obligation on his part to the mortgagee, and therefore that defendant would not be liable. But the land was in Iowa, and the assumption agreement of Rorem was clearly an Iowa contract, as was the assumption agreement of his grantor. Under the law of Iowa, Rorem was liable for the mortgage debt, and an action could be maintained against him by the owner of the mortgage, regardless of whether his grantor was liable. Marble v. Mesarvey, 101 Iowa, 285, 70 N. W. 198; Clement v. Willett, 105 Minn. 267, 117 N. W. 491, 17 L.R.A.(N.S.) 1094, 127 Am. St. 562. It is not necessary to consider whether the promise of defendant was an Iowa or a Minnesota contract. Even if it be held that it was a Minnesota contract, his immediate grantor, Rorem, being liable, defendant's liability is clear under our laws.

The trial court admitted evidence of the common or decision law of Iowa over defendant's objection that such law had not been pleaded. This is claimed to be prejudicial error. This point might be disposed of without a decision of the question raised, as we would hesitate to reverse when the error could be so easily cured by an amendment to the complaint. But the question of the necessity for pleading the Iowa law must be decided adversely to defendant's contention. The complaint alleged that defendant assumed and agreed to pay the mortgage debt "as a part of the pur-

chase money," and made a similar allegation as to each of the prior grantees. Whether this agreement was enforceable or not depended on whether defendants' immediate grantor was personally liable to pay the debt. Having pleaded the promise, both of defendant and of his grantor, plaintiff was entitled to introduce evidence of any facts tending to prove the facts pleaded. The rule that the laws of another state or country must be pleaded does not apply, when such laws consist of mere matters of evidence, when they are probative or evidential facts, as distinguished from issuable; facts. Thomson-Houston Electric Co. v. Palmer, 52 Minn. 174, 53 N. W. 1137, 38 Am. St. 536. We hold that it was not necessary to plead that under the Iowa decisions a grantee who agreed to pay an outstanding mortgage was liable to the owner of the mortgage, whether his immediate grantor was personally liable or not.

We find no other questions that require mention, and conclude that the order appealed from must be affirmed.

Order affirmed.