G. J. LILJEDAHL, Appellant, v. FRANK GLASSGOW et al., Appellees.

MORTGAGES:   Transfer of Property—Assumption of Debt by Unnamed Grantee.   The purchaser of land, for a valuable consideration, who, *in this state,* accepts a deed which is blank as to grantee, and which provides that the grantee assumes and agrees to pay *in this state* the mortgage incumbrance on the land, becomes personally bound to pay said incumbrance, even though he passes said blank and unrecorded deed to a subsequent purchaser, and even though the land is situated in a foreign state which by statute provides that a deed blank as to grantee is *void. The agreement to pay said debt is a personal obligation and is governed solely by the laws of this state.*

*Appeal from Page District Court.*—THOMAS ARTHUR, Judge.

JANUARY 19, 1921.

PLAINTIFF appeals from a judgment upon a verdict of the jury returned by direction of the court.—*Reversed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*Wilson & Keenan* and *William M. Jackson,* for appellee.

STEVENS, J.—On May 20, 1915, one L. D. Bailey, who was the owner of a tract of land located in the state of Colorado,

executed promissory notes in the aggregate amount of $6,000, with interest coupons attached, and, to secure payment thereof, at the same time executed a mortgage upon the Colorado land. The notes are dated and made payable to H. I. Foskett of Shenandoah, at the Shenandoah National Bank in said city, and were shortly thereafter assigned to plaintiff, who loaned the money to Bailey thereon. Two days later, the said Bailey executed a deed before a notary public in Shenandoah, describing the Colorado land, but without the insertion of the name of anyone as grantee. The consideration recited in said deed is $1.00 and other valuable consideration. The deed contained the following clause:

"This deed is made subject to one loan of $6,000 and one of $600 which the grantee assumes and agrees to pay as part of the purchase price above mentioned."

Plaintiff alleged in his petition that, during the summer of 1917, the said Bailey conveyed the Colorado land to Frank Glassgow by delivering the deed in question to him, and that the said Glassgow in turn conveyed the same to A. M. Hiatt, and the said Hiatt later conveyed to the defendant Joe Hilger, all of said conveyances being accomplished by the delivery and acceptance of said deed without the insertion of the name of the purchaser as grantee; that each of said purchasers became and were, in fact, grantees under said deed, with full right and authority to insert therein his own name as such; that each conveyance was for a full consideration; and that, by reason thereof, the said defendants became liable for the payment of the mortgage indebtedness to the plaintiff; that default was made in the payment of the interest coupons; and that, by the terms of said instrument, the whole indebtedness thereby became due: and plaintiff demands judgment for $6,000, interest, and costs. After suit was commenced, Frank Glassgow died, and the defendant Nellie Glassgow, administratrix of his estate, was substituted. Each defendant filed a separate answer, containing a general denial, followed by the admission that the said Bailey owned the land and executed the notes and mortgages described; that the deed in question was delivered by him to Glassgow; and that he in turn delivered it to Hiatt; and that, after passing through the hands of various parties it was delivered to one C. E. Brown,

who inserted his name therein as grantee, and caused the same to be recorded. Each of the defendants specifically denied that he assumed or agreed to pay the mortgage indebtedness, and averred that the deed was, in fact, void, and conveyed no interest in said real estate under the laws of Colorado, except to C. E. Brown, whose name was finally inserted in the blank space as grantee. At the conclusion of all the evidence, the court, upon motion of counsel for defendant, directed the jury to return a verdict in their behalf, and judgment was accordingly entered against plaintiff for costs, and he appeals.

The law is settled in this state that the equitable title passes by the delivery of a deed blank as to the name of the grantee, to a purchaser for a valid consideration (*Bossingham v. Syck,* 118 Iowa 192, *Logan v. Miller,* 106 Iowa 511) ; and that, by accepting a deed containing a clause by which the grantee assumes and agrees to pay incumbrances, such purchaser becomes liable for the payment thereof, the same as he would if his name were written in the instrument. *Beeson v. Green,* 103 Iowa 406; *Bossingham v. Syck,* supra; *Marble Sav. Bank v. Mesarvey,* 101 Iowa 285; *Bennett Sav. Bank v. Smith,* 171 Iowa 495; *Santee v. Keefe,* 127 Iowa 128; *Gray v. Bricker,* 182 Iowa 816; *Logan v. Miller,* 106 Iowa 511. Under the law of Colorado, however, a deed blank as to grantee is a nullity, and passes no interest whatever by delivery to a purchaser, until his name is written therein. He has implied authority to insert his name therein, and by doing so he acquires title. *McGrew v. Lamb,* 60 Colo. 462 (154 Pac. 91) ; *Halliwill v. Weible,* 64 Colo. 295 (171 Pac. 372) ; *Herr v. Denver M. & M. Co.,* 13 Colo. 406 (6 L. R. A. 641). Counsel for appellee base their principal contention upon the fact that the defendants, who received and passed the deed without designation therein of a grantee, never became such under the law of Colorado, or acquired any interest in the land; and that the clause above interposed no obligation upon them to pay said incumbrance. On the other hand, counsel for appellant take the position that, while the question as to the sufficiency of the deed to convey title must be determined by the law of Colorado, the assumption of the incumbrance and the agreement to pay the same are personal covenants, executed and to be performed in the state of Iowa, and that, therefore, the legal effect thereof

must be determined by the law of this state, and not by the law of Colorado. It is a rule of universal application that instruments of conveyance, in so far as they relate primarily or directly to the title, are to be construed according to the *lex rei sitae.* Wharton on Conflict of Laws (8th Ed.) 591; *Finnes v. Selover, Bates & Co.,* 102 Minn. 334 (113 N. W. 883); *Clement v. Willett,* 105 Minn. 267 (117 N. W. 491). But personal covenants or agreements in instruments of conveyance will be given effect according to the law of the place where the same are executed and to be performed. *Finnes v. Selover, Bates & Co.,* supra; *Clement v. Willett,* supra; *Polson v. Stewart,* 167 Mass. 211 (45 N. E. 737); *Cochran v. Ward,* 5 Ind. App. 89 (29 N. E. 795); Wharton on Conflict of Laws (8th Ed.) 591.

It is not claimed that the alleged conveyance of said land by Bailey to Glassgow, and by Glassgow to Hiatt, or by Hiatt to Hilger, was without consideration, nor is it denied that the parties intended thereby to transfer title to the land, or that any of the alleged purchasers had the legal right, under the law of Colorado, to insert his name as grantee in the deed, and cause the same to be recorded, and thereby to become vested with title. It is elementary that contracts made and to be performed in a particular state are made with reference to the law of that state, which the parties must be presumed to have had in mind at the time of making the contract. The plaintiff and the defendants Glassgow and Hiatt were residents of Iowa, but the defendants Bailey and Hilger were nonresidents of the state. The notes executed by Bailey to Foskett, and by him assigned to plaintiff, were by their terms payable at the Shenandoah National Bank, Shenandoah, Iowa; and, while the record does not disclose whether the deed was delivered to Glassgow in Shenandoah or not, it does appear affirmatively therefrom that he had it in his possession, and in his office in Shenandoah, some time before the consummation of his deal with Glassgow, so that delivery was probably accomplished in this state. Some evidence was also introduced from which the jury might infer that the defendant Glassgow, and also the defendant Hilger, understood the legal effect of accepting a deed containing the clause in question. In fact, Hilger testified that, after discovering it in the deed, he immediately returned the instrument to the person from whom

he received it, and rescinded the contract. The jury would have been warranted, under the evidence disclosed by the record, in finding that Glassgow exchanged the Colorado land for a farm in Clarke County by delivering the deed in question to the owner thereof, or his agent. The parties may be presumed to have contracted with reference to the law of Iowa, where the contract was executed and to be performed, and it may be presumed that they intended to be bound in accordance therewith. It is clear  that the clause in question relates only to the consideration, and not primarily or directly to the title. It could as well have been the subject of an independent contract, and we think it must be construed and given effect according to the law of this state. It cannot be presumed that the parties intended that same should be construed and applied according to the law of Colorado. The amount of the incumbrance, according to the recital in the deed, was deducted from the purchase price. The Supreme Court of Minnesota, in *Clement v. Willett*, 105 Minn. 267 (117 N. W. 491), held that a provision in a deed conveying land in the state of Iowa, but executed and delivered in the state of Minnesota, between parties residing therein, whereby grantee agreed and assumed to pay an existing mortgage, was a personal contract, governed by the laws of Minnesota. It could hardly be supposed that the transactions involved in the case at bar were conducted on either side upon the theory and with the understanding that the deed was passed from one party to the other for a cash consideration, or in exchange for other land. *New Haven Tr. Co. v. Camp*, 81 Conn. 539 (71 Atl. 788) ; *Pritchard v. Norton*, 106 U. S. 124 (27 L. Ed. 104).

Presumptively at least, the parties intended the deed to take effect as a conveyance, the same as though the land were situated in Iowa; and, in the absence of a showing to the contrary, defendants, except Hilger, were not entitled to a directed verdict. The deed appears to have been delivered to him without knowledge of the clause in question, and, immediately upon discovering the same, he returned the deed to the party from whom he received it, and there appears to have been a mutual rescission and cancellation of the contract. As the deed, under the law of Colorado, did not, in fact, pass title, and the contract assuming and agreeing to pay the incumbrance was an Iowa contract, to

be considered and enforced according to the law of this state, the parties could rescind the same in the manner shown. The only question upon this point is that defendant does not specifically plead rescission, and the evidence was objected to when offered. The point does not appear to have been raised in the court below, and the case was tried apparently upon the theory that the issue was before the court.

Considerable is said by counsel for appellee of the appearance of the name "John Anderson," written in the blank space in the covenants of the deed; but the evidence does not disclose how this name came to be inserted, nor is any transaction referred to in the evidence in which a person by the name of Anderson participated. It was subsequently erased, and that of C. E. Brown substituted. The appearance of this name in the deed would seem to be without particular significance.

Counsel for appellee, it seems to us, gives too narrow a meaning to the word "grantee." Of course, it usually refers to the one to whom the conveyance is made; but, if the name is not written in the instrument, and the deed is passed in that form from one owner to another, the term must be used in that connection in the sense of purchaser, and we think that is the interpretation that should be given it in this case. It was the purchaser who was to assume and pay the incumbrance.

While we have not referred to all the matters covered by counsel in argument, what is said above disposes of the case, and we refrain from extending the opinion further. It follows that the judgment of the court below must be, and is,—*Reversed.*

EVANS, C. J., WEAVER and FAVILLE, JJ., concur.

ARTHUR, J., took no part.