### UNITED BRICK & TILE CO. v. McKISSICK et al.[*]
### No. 8923.

Circuit Court of Appeals, Eighth Circuit.
Aug. 11, 1931.

For former opinion, see 51 F.(2d) 67.

H. M. Havner, of Des Moines, Iowa, and Flavel Robertson, of Kansas City, Mo. (B. J. Flick and Havner, Flick, Huebner & Powers, all of Des Moines, Iowa, and Baker, Botts, Parker & Garwood, of Kansas City, Mo., on the brief), for appellant.

W. B. Sloan, of Des Moines, Iowa (Paul H. Cunningham, of Des Moines, Iowa, on the brief), for appellees.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

WOODROUGH, District Judge.

Appellant has filed two briefs in support of petition for rehearing, strenuously insisting that in the opinion filed herein [51 F. (2d) 67] this court does not give due consideration to the fact that the vendors in the McKissick conditional sales contract failed to file a claim in bankruptcy for their deferred installments. It is urged that a contrary decision of the case would be reached by us if the circumstance were given proper weight. We do not think so. We find the appellant personally liable to pay as provided in the McKissick contract, because it bought the contract at a judicial sale of the interest of the bankrupt upon the condition expressed in the order of sale that the purchaser "shall assume"; because we think the language of the order of sale apprised appellant that, upon purchasing, it would become personally bound, and we find in the conduct of the parties corroboration that appellant intended to and did become bound to pay.

It is nowhere certified in the record before us that the McKissicks did not file a claim in bankruptcy, but from the whole record the assumption is justified that they did not. Such failure would afford a defense to the bankrupt estate against any attempt to charge the estate. But the fact that the estate in bankruptcy had such a defense to the claims of the appellees does not help this ap-

pellant. It is bound upon its own voluntary and direct assumption.

The McKissick contract called for all payments to be made thereon at Carlisle, Warren county, Iowa; the land and property involved in it were in Iowa and the orders in bankruptcy, the sale, the confirmation, and the conveyance were done in Iowa. There can be no question that the Iowa law is applicable both to the McKissick contract and the assumption thereof. Though this court found in Duvall v. Jenkins, 16 F.(2d) 223, that contrary doctrine prevails elsewhere, it is settled law in Iowa that a grantee who assumes (as we find appellant to have done in this case) is liable, even though the grantor himself may have had a valid defense. In Marble Savings Bank v. Masarvey, 101 Iowa, 285, 70 N. W. 198, the Iowa Supreme Court holds: "A covenant by a purchaser of mortgaged premises to pay the mortgage debt may be enforced by the mortgagee, whether such purchaser's immediate grantor was personally liable for the debt or not."

The court further says: "It is therefore simply a question whether the obligation assumed by one who purchases the mortgaged premises, and agrees to pay the mortgage debt, shall be held to be available to the mortgagee or his assignee in all cases, or only in cases where the purchaser's immediate grantor was personally liable for the payment of the debt. The latter is the rule in New York and some other states. Upon principle, we discover no reason for limiting the application of the rule to recovery to cases wherein the immediate grantor is personally liable to the mortgagee or his assignee." Followed and approved Beeson v. Green, 103 Iowa, 406, 72 N. W. 555, 556; Clement v. Willett, 105 Minn. 267, 117 N. W. 492, 17 L. R. A. (N. S.) 1094, 127 Am. St. Rep. 562, 15 Ann. Cas. 1053; Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842; Bennett v. Savings Bank, 171 Iowa, 405, 152 N. W. 717; McDonald v. Finseth, 32 N. D. 400, 155 N. W. 863, L. R. A. 1916D, 149; Liljedahl v. Glassgow, 190 Iowa, 827, 180 N. W. 870.

Appellant also argues that because of the failure of the appellees to file claim in bankruptcy the bankruptcy court could not make it a condition of the bankruptcy sale that the purchaser should assume the obligations of the McKissick contract. But no objections were made on that ground to the order of sale, and the sale was so made and in all respects confirmed by the court. It is not open to the appellant to take what it bought and avoid the burden assumed.

It is inaccurately stated in the opinion written by Judge Woodrough that the interest of the bankrupt in the McKissick contract was knocked down at the trustee's sale on appellant's high bid of one thousand dollars. The record is that, after offering in parcels and receiving the bid from appellant referred to, the trustee offered the assets again in the lump, and appellant's lump bid prevailed and the sale was made thereon.

We adhere, however, to the decision rendered, and deny the petition for rehearing.

STONE, Circuit Judge.

While fully adhering to my dissenting opinion in this case, I think the petition for rehearing should be denied on the ground that the members of the court did not, in their consideration of this case, overlook any controlling matter of law or fact.