WILLIAM B. BOSSINGHAM, Appellee, v. EMMA SYCK AND T. B. SYCK, Appellants.     D. P. SINGER AND MARY S. SINGER, Defendants.

Foreclosure of Mortgage: CONSIDERATION IN DEED: ORAL TESTIMONY TO SHOW SAME: It is competent to show by oral testimony that the grantee in a deed assumed and agreed to pay a mortgage as part of the consideration for the deed.

Assumption of Mortgage: LIABILITY OF PURCHASER IN SEPARATE SUIT. Commencement of suit against the principal debtor to foreclose a mortgage is not an election and does not estop the mortgagee from recovering personal judgment against a purchaser of the mortgaged property who assumes and agrees to pay the mortgage debt as a part of the purchase price.

Opinion as to Value: NOT ACTIONABLE AS FALSE REPRESENTATION. An expression of opinion as to the value of property will not ordinarily sustain an action for false representation.

*Appeal from Kossuth District Court.*—HON. W. B. QUAR-
TON, Judge.

SATURDAY, OCTOBER 25, 1902.

SUIT in equity to foreclose a mortgage and to recover
a personal judgment against the defendants Syck for the
amount of the notes the mortgage was made to secure.
From a judgment and decree for plaintiff defendants Syck
appeal.—*Affirmed.*

*E. V. Swetting* for appellants.

*Frederick M. Curtiss* for appellee.

DEEMER, J.—The notes in suit were executed by plain-
tiff to one Grove, and secured by mortgage on some lots
and a store building in the town of Hobart. Grove as-
signed the notes and mortgage to one Thompson, and
plaintiff paid the amount of the notes, and took an assign-
ment thereof and of the mortgage, and thereafter brought
this action to foreclose the mortgage as against all the de-
fendants,—defendants Singer then being the owners of the
premises,—and for a personal judgment against the Sycks
as stated. He based his right to recover on an alleged as-
sumption of the mortgage indebtedness by the Sycks, as
grantees of the real estate covered by the mortgage, con-
tending that he traded the lots and store building and a
stock of merchandise contained in said building to the de-
fendants Syck for a certain house and lot in the town of
Belmond and an equity in 120 acres of land in the state of
Kansas, owned by the Sycks; they (the Sycks) agreeing as
part of the consideration for the exchange to pay the in-
cumbrance on the Hobart property. Defendants deny
the alleged agreement, and say that Emma S. Syck traded
the house and lot in Belmond, which belonged to her, for

the stock of goods, and that her husband, T. B. Syck, traded his equity in the Kansas land for the lots and store building in Hobart. Defendant T. B. Syck also filed a counterclaim for false and fraudulent representations made by plaintiff regarding the Hobart property. The trial court dismissed this counterclaim as without merit, and rendered the judgment and decree hitherto mentioned. The defendants Singer do not appeal, but the Sycks claim that the decree is without support in the evidence, that in no event should judgment have been rendered against Emma Syck, that plaintiff is estopped from making any claim against either of them, and that T. B. Syck should have had judgment on his counterclaim.

While defendants Syck insist that there were two separate transactions, as claimed by them, the preponderance of the evidence shows that there was but one, although but one deal was considered when the negotiations first began, and that the exchange of the stock of goods for the Belmond property. These first negotiations were abandoned, however, and the exchange, as finally consummated, was in accord with plaintiff's contention. The deed for the Hobart property contained a provision to the effect that the grantee assumed and agreed to pay the mortgage incumbrance. It was delivered to and accepted by the Sycks in this form, although for some reason, not fully explained by either of the parties, the name of the grantee or grantees was left blank. The Sycks afterwards disposed of the property to the defendants Singer, and, instead of making a new deed, inserted the name of Mary S. Singer in the old deed made by plaintiff to them, and delivered it to her. Plaintiff had no negotiations with the Singers, and they were not his direct grantees. Although the names of neither of the Sycks appear in the deed, they were in fact plaintiff's grantees, and the beneficial owners of the property, although the record title was never in the name of either. The deed itself is therefore strong, if not

conclusive, evidence that plaintiff's grantee or grantees

*1. CONSIDERA-TION in a deed: oral testimony to show same.* assumed and agreed to pay the mortgage in suit. But, aside from this, there is abundant evidence to show that these grantees, whoever they may have been, orally agreed, as a part of the consideration for the exchange, to pay the mortgage incumbrance. Such evidence was clearly admissible under the issues. *Traver v. Reeder*, 45 Iowa, 272; *Saville v. Chambers*, 76 Iowa, 325; *Greedy v. McGee*, 55 Iowa, 759; *Dicken v. Morgan*, 54 Iowa, 686.

The only remaining question in this connection is, who were plaintiff's grantees, and who assumed and agreed to pay the mortgage? Appellant Emma Syck strenuously

*2. ASSUMPTION of mortgage: liability of purchaser in separate suit.* insists that there is no evidence that she ever promised to pay the incumbrance. The testimony, to our minds, shows that she was one of the grantees, that she furnished a part of the consideration for plaintiff's property, and that she individually, as well as her husband for her, agreed that she, with her husband, would pay this incumbrance. Following our custom, we do not set out the evidence which leads to this conclusion. Much of it is found in appellee's amended abstract, which is not denied by appellants. It would be profitless to set it out, and we content ourselves by stating ultimate conclusions only. Plaintiff asked for a reformation of the deed he delivered to the Sycks by inserting their names as grantees. This relief does not appear to have been granted; hence appellant's contention that such relief was improper, under the evidence, need not be considered. No reformation was necessary to the granting of the ultimate relief sought. Defendants' plea of estoppel is based upon the theory that, as plaintiff proceeded to foreclose against the Singers, and asked judgment against them on the notes, this was such an election as defeats their action as against the Sycks. There is no merit in this contention. As between the parties to this action,

the Singers became the principal debtors on the original Grove note in so far as the Sycks are concerned; but plaintiff may recover from either or both on their promises to pay the debt for which he was originally obligated. Even if the Sycks were merely sureties for the Singers, plaintiff could sue any or all of them without waiving his remedy as against those not joined. In other words, it is not a case of inconsistent remedies or rights, but one where all the defendants are liable, and may be jointly or severally sued. These propositions are so plain as to hardly need the citation of authorities in their support. But see: *Thompson v. Bertram*, 14 Iowa, 276, and cases cited; *Beeson v. Green*, 103 Iowa, 406; *Corbett v. Waterman*, 11 Iowa, 86; *Jager v. Vollinger*, 174 Mass. 521; *Bank v. Mesarvey*, 101 Iowa, 285.

II. With reference to the counterclaim pleaded by defendant Syck, the only false representation which it is claimed plaintiff made was that the Hobart property was

3. OPINION of value: not actionable as a false representation.

worth $2,200, whereas it was not worth to exceed $300. It will be noticed that this was simply an expression of an opinion as to values. In rare instances statements of this nature have been held sufficient predicate for an action of deceit. *Dorr v. Cory*, 108 Iowa, 731. But the general rule is to the contrary, and the exceptional cases seem to have in them a statement of fact as to price paid, or something of that kind, or of an equitable nature, aside from the mere statement as to value. See cases cited in the *Dorr Case, supra.* This case falls within the rule, rather than the exception. Here there was no statement of fact; and it is admitted that defendant examined the property before he traded for it, and was as well acquainted with its value as was the plaintiff. There was no trust or confidential relation existing between the parties, and they dealt at arm's length, and on equal terms. There is, therefore, no merit in defendants' counterclaim. *Hoffman v. Wilhelm*, 68 Iowa, 511,

and cases cited.   The case seems to be the ordinary one where one had a trading stock of goods and the other an equity in southwestern lands and, as usual, one of the parties would like to rue the bargain.   Appellants' motion to strike appellee's abstract and to retax costs is overruled.

No reason appears for reversing the judgment, either in whole or in part, and it is AFFIRMED.