R. A. SANTEE v. JOHN P. KEEFE and COLDREN & MALLON, Appellants.

**Conveyances:** ASSUMPTION OF MORTGAGE: LIABILITY OF GRANTEE.
1 The actual grantee of land who assumes an existing mortgage may be held personally liable for its payment, whether his own name appears in the deed as grantee or that of another placed therein at his request.

**Same.** The personal liability of a grantee for the payment of a
2 mortgage assumed by him, is not affected by the conveyance of other lands from his grantor to the mortgagee, which is not shown to have been in satisfaction of the mortgage.

*Appeal from Franklin District Court.*— HON. J. H. RICHARD, Judge.

TUESDAY, MARCH 14, 1905.

ACTION to foreclose a mortgage on real estate against defendants, as grantees of the mortgagor, and to recover judgment against such grantees for the amount of the mortgage indebtedness. Decree that the mortgage be foreclosed against the property, and that a personal judgment for the amount of the indebtedness be rendered against Coldren & Mallon, who are found to be grantees in the conveyance from the mortgagor, and to have assumed the payment of the mortgage debt. Coldren & Mallon appeal.— *Affirmed.*

*H. C. Liggett* and *E. P. Andrews,* for appellants.

*Taylor & Evans,* for appellee.

McCLAIN, J.— Plaintiff became the owner of the mortgage which he seeks to foreclose by an assignment from one Green, to whom it was executed by one Borger, on certain

1. ASSUMPTION OF MORTGAGE: liability of grantee.

lots in Webster City. Thereafter the defendants, Coldren & Mallon made an exchange with Borger of a tract of land in South Dakota for the lots in question; Borger assuming a $1,400 incumbrance on the Dakota land and paying Coldren & Mallon $750 in cash, with the agreement that the $700 mortgage to Green should be assumed and paid off by the purchaser of the lots. The deed for the lots which Borger executed and delivered to Coldren & Mallon at the time of the exchange was left blank as to the grantee, and subsequently Coldren & Mallon traded the lots to defendant Keefe, taking in exchange a tract of land in Nebraska. The trial court reached the conclusion that Keefe did not assume the payment of the mortgage indebtedness on the lots, and, as plaintiff does not appeal, we have no further concern with Keefe's liability. But counsel for Coldren & Mallon contend that they were not

the grantees in the deed from Borger, and therefore assumed no personal liability for the payment of the mortgage indebtedness. It is sufficient to say, however, on this branch of the case, that the evidence shows Coldren & Mallon to have been the real grantees from Borger, and that it was at their request that the name of the grantee was left blank in the deed, so that they might insert the name of the person to whom they should eventually transfer the title. That the real grantee may be personally held under an assumption of the mortgage indebtedness, although his name is not inserted in the deed, is settled by the case of *Bossingham v. Syck,* 118 Iowa, 192. It is true that the conveyance of the Dakota land to Borger in exchange for the lots was executed by F. G. Mallon, a brother of J. N. Mallon, who is a member of defendant firm; but we are satisfied that the intention of the parties on both sides was that the title to the lots should pass to defendants Coldren & Mallon, and that they treated the property as belonging to them. When Coldren & Mallon deeded the Nebraska land to Borger in exchange for the lots, Borger's deed for the lots was already executed; and there is no satisfactory evidence that either in the negotiations with Borger or in the negotiations with Keefe they acted only as agents.

It is further contended for appellants that plaintiff, after Borger had exchanged the lots covered by the mortgage for the Dakota land, entered into an arrangement with plaintiff, or with his assignee, Green, to which plaintiff assented, by which the Dakota land was transferred to plaintiff in satisfaction of the mortgage on the lots. It does appear that plaintiff became the owner of the Dakota land, but his direct acquisition of title was by means of a quitclaim from Mrs. Borger after her husband's death, for which he paid $50, and the extinguishment of the title of the fee owner by negotiations directly with him; it appearing that the title held by Borger and his wife was under a tax sale. There is no satisfactory evi-

2. SAME.

dence that the conveyance of the Dakota land to plaintiff was intended to be or was accepted as a satisfaction of the mortgage on the Webster City lots; but it is shown, on the other hand, to have been a wholly independent transaction having no reference to the mortgage. Without discussing further the evidence, it is sufficient to say that we reach the conclusion that plaintiff's mortgage remains unsatisfied, and that Coldren & Mallon assumed and agreed to pay it. The decree of the trial court, by which they were adjudged to be personally liable to plaintiff by reason of such assumption and agreement, is *affirmed*.