E. D. HUXFORD et al., Appellees, v. TRUSTEES OF FUNDS AND DONATIONS FOR THE DIOCESE OF IOWA et al., Appellants.

**DEEDS: Trust Deed—Nonmerger of Pre-existing Contract.** A deed
1   which, for a nominal consideration, conveys lands to a trustee in trust for a religious organization, and *is silent as to the nature, extent, and conditions attending the trust,* does not merge the provisions of a pre-existing and related contract which do specify such nature, extent, and conditions; and this is true even though the deed contains full covenants of warranty.

**DEEDS: Execution—Presumptively Pursuant to Contract.** A deed
2   which is responsive to a pre-existing contract carries a presumption that it was executed pursuant to said contract, even though the said date of execution was a year later than the time specified in the contract.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

NOVEMBER 15, 1921.

REHEARING DENIED FEBRUARY 17, 1922.

IN FORM, this is a suit to quiet title. In fact, plaintiffs attempt to recover land formerly conveyed by their ancestor in trust, on the ground that the purposes of the trust have failed and have been wholly abandoned by the trustee and the beneficiaries, and that such abandonment has rendered void the former conveyance, as being a breach of a condition subsequent. The defense is, in substance, a general denial. There was a decree for the plaintiffs, and the defendants appeal.—*Affirmed.*

*Henry & Henry* and *Molyneux & Maher,* for appellants.

*Herrick & Herrick,* for appellees.

EVANS, C. J.—There is no material dispute in the facts, as such. On August 4, 1881, F. W. Huxford and wife conveyed by warranty deed a certain Lot 1 in Block 1 in the village of

1. DEEDS: trust deed: non-merger of pre-existing contract.

New Cherokee to "William Stevens Perry (to be held by him in trust for the members of St. John's Mission of Cherokee and state of Iowa)."
The deed also describes the grantee as "Bishop of the Diocese of Iowa." The consideration named is "one dollar." The deed also contains the usual covenants of warranty. The plaintiffs are the only heirs at law of the grantors, since deceased. Some time prior to this conveyance, to wit, on February 1, 1878, the grantors had entered into a contract with the grantee for the conveyance of the property described therein upon certain conditions, precedent and subsequent, as set forth in such contract. The obligation undertaken in such contract by F. W. Huxford purported to run "unto William Stevens Perry Bishop of the Diocese of Iowa and his successors in office in trust for the members of the St. John's Episcopal Mission at Cherokee, Iowa." The condition precedent of such obligation was that:

"Said William Stevens Perry, Bishop of the Diocese of Iowa, and members of the said St. John's Mission and others shall build a church upon said land, said church to be used when completed and forever thereafter for the sole use of the Episcopal church and it only."

The condition subsequent was:

"It is further the understanding between said parties and the express condition of this obligation and the aforesaid conveyance and if the said Episcopal bishop or his successor and the St. John's Mission and others shall fail to make use of said land for an Episcopal church solely and by August 1, 1878, as aforesaid, and if the said premises and its appurtenances at any time hereafter be abandoned or used for any other purposes, then this to be void and the title to the aforesaid described land and appurtenances thereto attached shall revert and become reinvested in the said F. W. Huxford, his heirs and assigns."

The time fixed in the contract for the execution of the deed was two years and six months from the date of the contract.

It is conceded that a church was built and used as an Episcopal church, in full conformity to the condition precedent. It is also conceded that, for some years prior to the bringing of this suit, the church had become wholly abandoned, and the use of the ground for the purposes specified in the contract had wholly ceased, and that there was no purpose ever to resume the same. Upon these facts, the plaintiffs claim a reversion of the land to the grantor and his heirs. The dispute between the parties does not involve any claim by plaintiffs to the buildings or improvements constructed on the land. These have all been conceded to the defendants, and have all been removed. It will be noted that, in order to sustain the right of forfeiture or reversion, the plaintiffs must have resort to the original contract of sale, and to the terms and conditions appearing therein which were not embodied in the deed.

The defense is predicated upon the broad proposition that the contract in question has long since ceased to speak, in that it has become fully merged in the deed, which became and now is the evidence of the defendants' title. This presents the controlling question in the case; and it has its difficulties.

It is broadly true that a contract to convey land becomes presumptively merged in the subsequent deed executed in performance thereof, and this is so even though the terms and conditions of the deed be not identical with those of the contract. It is always competent for parties to a contract by mutual agreement to change its terms and agreements, and this may be done by means of subsequent deed as effectively as in any other man-

ner. This rule, however, has its qualifications. Though it be generally true that, in all matters of conflict between them, the deed speaks and the contract is silent, yet for some purposes the contract may be and is kept alive and enforcible. For instance, if the deed be uncertain and ambiguous in its own terms, resort may be had to the antecedent contract, as an aid to construing the terms of the deed. If a mistake in the deed be alleged and reformation be sought, the contract becomes competent as evidence on that question. Likewise, if the contract contain collateral agreements or conditions which are not incorporated in the deed and which are not inconsistent with the terms of the deed as executed, the contract will be deemed to live, for the purpose of the enforcement of such collateral agreements or conditions. *Saville v. Chalmers*, 76 Iowa 325; *Carey v. Walker*, 172 Iowa 236; *Gray v. Van Gordon*, 187 Iowa 835; *Mathias v. Mathias*, 167 Iowa 81. In the first cited case, a warranty deed had been executed and accepted. It was held that the grantee was not thereby precluded from suing upon a warranty of the quality of the land. In that case, the antecedent contract of sale was in parol. It was said therein:

"It is not to be supposed that the whole contract between the parties is incorporated in the deed made by the grantor in pursuance of, or as the consummation of, the sale of land. There are many things pertaining to the contract which it is manifest are never inserted in the deed. Evidence of the parol contract does not, therefore, affect the deed, or change it in any respect."

In the *Carey* case, we said:

"But we do hold that, where a contract provides for the conveyance of the real estate upon the payment of a certain sum, and gives to the purchaser certain rights, collateral to and independent of the conveyance, the making of the deed does not merge the collateral or independent agreement into the deed, so that they cannot be shown and enforced."

In the *Gray* case, we said:

"The execution of the deed presumably is the consummation of the contract, and parties thereafter look only to the deed for conditions of the transfer; and, where merger of the contract into the deed is denied, the burden of proof rests on the party so denying, to show that a merger was not intended."

The question confronting us, therefore, is whether the condition set forth in the contract and relied on by plaintiffs is of such a nature that it retained its life, without merging in the deed, and whether, because thereof, the deed and the contract must be read together. Both the contract and the deed were duly recorded, but no rights of an innocent purchaser are involved, nor any question of constructive notice presented.

I.  Before passing to the main question, we take note of a preliminary point made by the appellants, to the effect that the deed in question was not made *pursuant* to the contract, but was wholly independent·thereof, and that it was, in legal effect, voluntary and spontaneous, and without antecedent obligation. The record contains no evidence bearing upon the point thus made. The plaintiffs alleged that the deed was made pursuant to the contract. The defendants denied it. The ground for such denial, as disclosed by the answer, is that, whereas the contract called for the execution of a deed at the expiration of two years and six months, the deed in question was not executed for nearly three years and six months. So far, therefore, as the *fact* is concerned, the denial is inferential and argumentative only. It is argued that the contract expired with the expiration of two years and six months, and that, therefore, a deed issued one year later must have been voluntary. The point is not well taken. The condition precedent was performed. At the expiration of two years and six months, Huxford was under obligation to perform. He was not released from that obligation by· delay in the performance thereof. Presumptively, the obligation continued, and was as binding upon him a year afterwards as it was upon the day that it matured. The deed was responsive to the contract; and, so far as the grantor was concerned, was a full performance of his obligation. We hold, therefore, that the deed was made presumptively pursuant to the contract.

2. DEEDS: execution: presumptively pursuant to contract.

II.  Are the terms of the deed such as to deny or to conflict with the condition of the contract upon which plaintiffs rely? If so, the execution of the deed must be deemed a waiver of the condition. Defendants rely upon the fact that the deed contained full covenants of warranty. These covenants were of good title, free from incumbrance. It will doubtless be conceded

that the condition of the contract could have been incorporated in such deed without interfering with the force and effect of such covenants. Its effect undoubtedly would be to make the *granting* clause of the deed something less than absolute and unconditional. It is to be noted, however, that the granting clause of the deed as actually executed *is* something less than absolute and unconditional. The deed purports to convey without valuable consideration to a trustee *in trust* for a religious organization. The nature and extent of the trust are not disclosed in the deed. The trust character of the conveyance implied conditions which are not disclosed in the deed. It must be presumed that a conveyance in trust imposed continuing obligations of some kind upon the trustee, with reference to the trust property. If the trust deed had purported to specify such obligations and conditions, such inclusion would, perhaps, exclude all evidence *aliunde* upon the same subject. The trust deed does not assume to speak thereon. The antecedent contract does. To bring forward such antecedent contract as evidence of the nature and extent of the trust imposed upon the trustee, does not conflict with any recital contained in the deed. To hold otherwise would be to say that the trustee could have appropriated the property to his own use, and could have disposed of it for his own benefit, without being amenable to any judicial restraint or penalty, because the only evidence of the trust obligation is contained in the antecedent contract, and not in the deed itself. It is of the very essence of appellants' theory that the merger of the contract in the deed destroys it as an instrument of evidence forever. We reach the conclusion, therefore, that, in view of the trust character of the conveyance and the silence of the deed as to the obligations of the trust, the deed and contract should be construed together, in the determination of the rights of the parties herein. Having reached that conclusion, we have no occasion for further discussion. The contract being deemed admissible in evidence, the appellants do not dispute its legal effect. The trial court decreed in favor of plaintiffs. Its decree is, accordingly, affirmed.—*Affirmed.*

STEVENS, ARTHUR, and FAVILLE, JJ., concur.