HUGH M. GILMORE, Appellee, v. GEORGE N. SHEARER et al., Appellants.

**MORTGAGES:** Transfer of Property—Assumption of Debt by Unnamed Grantee. The purchaser of land who accepts a deed which is blank as to grantee, and which provides that the grantee assumes and agrees to pay, as part of the purchase price, specified mortgage incumbrances on the land, becomes personally bound to pay said incumbrances, even though he conveys the land to a subsequent purchaser by inserting the latter's name therein. Especially is this true when the amount of such incumbrances accurately measures the contract obligation assumed by the assumptor in his contract of purchase.

**TRIAL:** Reception of Evidence—Nonnecessity to Make Formal Offer. Formal offer of a pleaded copy of a deed need not be made (1) when the original was in the possession of the opposing party; (2) when the original had not been produced, on demand; and (3) when the opposing counsel had very clearly led the other counsel to understand that the correctness of the copy was admitted.

**TRIAL:** Calendar—Refusal to Transfer. No prejudice results from refusing to transfer to the law calendar an action properly brought in equity and involving a law question only.

*Appeal from Cerro Gordo District Court.*—JOSEPH J. CLARK, Judge.

MARCH 11, 1924.

SUIT in equity, to foreclose a real estate mortgage. The defendants named were Esslinger, Scott, and Shearer. Esslinger was the mortgagor. Scott and Shearer were subsequent and successive grantees of land, who, as alleged, assumed to pay the mortgage sued on. Only defendants Scott and Shearer defended. They denied personal liability for the mortgage debt on various grounds. There was a decree for the plaintiff against all defendants. Scott and Shearer have appealed.—*Affirmed.*

*E. B. Stillman* and *Charles H. Hall,* for appellants.

*Blythe, Markley, Rule & Smith,* for appellee.

EVANS, J.—A brief chronology of events transpiring between April, 1919, and March 1, 1920, may be here stated. The mortgaged land consisted of a quarter section located in Cerro Gordo County, Iowa. In April, 1919, Kline, the owner thereof, contracted to sell it to Gilmore, plaintiff herein, for a consideration of $28,000. Shortly thereafter, Gilmore contracted to sell it to Esslinger for $32,000. Within a few weeks, Esslinger contracted to sell it to Scott for $35,200. Within a few weeks thereafter, Scott contracted to sell it to Shearer at a still further advance in price. All of these successive contracts provided for a conveyance and settlement on March 1, 1920. The contract between Gilmore and Esslinger provided that a first mortgage of $22,000 and a second mortgage for $3,000 should be given at the time of settlement. In the contract between Esslinger and Scott, a like provision was contained. Shortly prior to March 1, 1920, it was tentatively arranged between Esslinger and Scott and Gilmore that a conveyance should be made directly from Kline to Scott, and that Scott should execute the two mortgages for $22,000 and $3,000, respectively. Scott executed the mortgages and sent them on for delivery. He was unable, however, to meet the cash payment of $8,700 due from him on March 1st. Such failure delayed the settlement, which delay Kline refused to tolerate. Thereupon Scott's mortgages were returned, and a conveyance was made directly from Kline to Esslinger, and the two mortgages provided for were executed by Esslinger. At the same time, Esslinger executed a deed for delivery to Scott. The covenants of this deed were made subject to the two mortgages by description thereof, as follows:

"Subject, however, to a certain mortgage now on said land for $22,000.00, due March 1, 1927, with interest thereon at five and one-half per cent from March 1, 1920, and also another certain mortgage now on said land for $3,000.00 due March 1, 1922, with interest thereon at the rate of six per cent per annum from March 1, 1920, * * * which grantees assume as a part of the purchase price thereof."

The mortgage in suit is the one for $3,000 described in the foregoing quotation.

About April 1, 1920, Scott made the payment due from him, and received such deed. Esslinger testified that the deed was

complete in form at the time of its execution by him, and that the name of Scott was written therein as grantee; whereas Scott testified that the deed was executed in blank form as to a grantee, and that he received it in such form and delivered the same to Shearer as a grantee. Upon that· particular point, we do not deem it very material as to which contention should prevail. The deed delivered by Scott to Shearer was the deed which had been executed by Esslinger. Scott's name, therefore, does not appear in the record chain of title. Both Scott and Shearer deny liability, and each makes a separate defense. We shall consider first the defense of Scott.

I.  Scott's evidence is that ''the deed was to be in blank, and to deed straight across, so that there would be no liability on me.'' His contention in argument is based upon the fore-going evidence. Manifestly, he was testifying to a legal conclusion, so far as the question of liability was concerned. The method adopted had no legal effect whatever, as relieving him from liability for the obligations assumed by the grantee in the deed. It is thoroughly settled in this state that such a deed carries to the purchaser the equitable title, and lays upon him every obligation which he would have assumed if his name had been written into the blank space. In the case of *Liljedahl v. Glassgow,* 190 Iowa 827, we said:

1. MORTGAGES: transfer of property: assumption of debt by unnamed grantee.

''The law is settled in this state that the equitable title passes by the delivery of a deed blank as to the name of the grantee, to a purchaser for a valuable consideration (*Bossingham v. Syck,* 118 Iowa 192, *Logan v. Miller,* 106 Iowa 511); and that, by accepting a deed containing a clause by which the grantee assumes and agrees to pay incumbrances, such purchaser becomes liable for the payment thereof, the same as he would if his name were written in the instrument. *Beeson v. Green,* 103 Iowa 406; *Bossingham v. Syck,* supra; * * * *Bennett Sav. Bank v. Smith,* 171 Iowa 405; *Santee v. Keefe,* 127 Iowa 128; *Gray v. Bricker,* 182 Iowa 816; *Logan v. Miller,* 106 Iowa 511. * * * Counsel for appellee, it seems to us, gives too narrow a meaning to the word 'grantee.' Of course, it usually refers to the one to whom the conveyance is made; but, if the name is not written in the instrument, and the deed is passed in that form from one to

another, the term must be used in that connection in the sense of 'purchaser,' and we think that is the interpretation that should be given it in this case. It was the purchaser who was to assume and pay the incumbrance.''

The defendants rely upon *Peters v. Goodrich,* 192 Iowa 790, as holding a contrary doctrine. But this is a mistaken conception of our holding in the *Peters* case. In that case, the defendant pleaded and proved a mistake in the recitals of the deed. His contention that the real contract between him and his grantor never provided or contemplated an assumption of the mortgage by him was sustained by us upon the proofs. In this case, Scott's written contract of purchase is in evidence. It recites a purchase price of $35,200, to be paid in two installments of $1,500 and $8,700, respectively, and by the execution of two mortgages for $22,000 and $3,000 respectively. To relieve Scott from liability in this action would be to remit to him $3,000 of his admitted purchase price. He has not paid such installment nor undertaken to pay the same in any other manner than by the assumption of the $3,000 mortgage resting upon the land when conveyed to him. This of itself is a complete answer to every substantial contention made by his counsel.

It is contended, however, that the plaintiff failed to prove a material allegation in his petition, in that he failed to introduce in evidence the Esslinger deed in question. The record discloses that a copy of this deed was set forth as an exhibit in the petition. The answer of the defendant denied this paragraph. During the introduction of testimony for the plaintiff, the attorney for the plaintiff addressed a question to the respective attorneys for the defendants as to whether they would admit Paragraph 11 of the petition, which set forth a copy of the deed as Exhibit G. The attorney for Scott answered as follows:

2. TRIAL: reception of evidence: nonnecessity to make formal offer.

''Mr. Stillman: Well, I have not checked that up, but I guess there is no question about it,—we admit Paragraph 11, that that is a true copy of the deed.''

The attorney for Shearer answered as follows:

''Mr. Hall: Well, I will examine the record, and if it conforms with the record, that is all right.''

The subject was not again referred to during the trial.

There was no request by counsel to withdraw their admission. The argument here is that a so-called casual admission on the part of counsel is not binding upon his client, and that it was still incumbent upon the plaintiff to offer the deed in evidence. The argument is without merit. When it is considered that both defendants, Scott and Shearer, were notified to produce the original deed and to produce the original contract between them, and that they failed to do so, the argument loses its point. Under such circumstances, nothing was available to the plaintiff but a copy. A concededly true copy having been attached to the petition as a part thereof, it was sufficient, without formal offer thereof in evidence. It was the admission that established the correctness of the copy, and it was just as effective as applied to the pleading, if made of record, as it would have been if applied to an instrument of evidence.

This defendant complains also of the overruling of a motion to transfer to the law side of the docket. This motion was predicated upon the alleged fact that the equity of redemption of the second mortgagee had been cut off by a foreclosure of the first mortgage, and that no further equitable relief was possible. The motion was not made until the beginning of the trial. Whether it had compelling merit if it had been earlier filed, we need not determine. The court was not lacking in jurisdiction. The case was properly brought on the equity side. The only disputed question involved in it is one of law. The ruling of the court could not, therefore, have been prejudicial.

3. TRIAL: calendar: refusal to transfer.

In view of the fact that this defendant is held to no greater or other liability, by the proviso in question, than the payment of the purchase price which he agreed to pay, we see little occasion for extended discussion of the law of liability of a grantee who "assumes" an incumbrance upon the property conveyed.

II. What is said in the foregoing division is not wholly applicable to the defense urged for the defendant Shearer, but it is, nevertheless, quite as conclusive upon such defense. It is urged for him that he assumed only the mortgage, and not the debt or note. It is specially urged in his behalf that the real contract between him and Scott was merely an exchange of equities, and that, therefore, he is not liable. The argument in

this respect is predicated upon assumed facts, which are not proved. This defendant did not testify. The contract between him and Scott was in writing. He was notified to produce it. He failed to do so. We are required, therefore, to take the recitals of the deed just as they are. Such recitals show that he paid or agreed to pay Scott $10,200, and that he further assumed the two mortgages of $22,000 and $3,000, respectively. If his contract with Scott was, in fact, a mere exchange of equities, he neither proved nor offered to prove it at the trial. We cannot speculate upon the question now, nor enter into a discussion of the law predicated upon a hypothesis of fact that has no support in the evidence. The judgment below is, accordingly, affirmed as to both defendants.—*Affirmed*.

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.