SOUTH TEXAS LAND COMPANY, Appellee, v. PETER SORENSEN, Appellant, et al., Appellee.

CONTRACTS: Merger—Subsequent Inconsistent Contract.  The terms of a contract relative to a specified subject-matter are merged by a subsequent inconsistent valid contract between the same parties, relative to the same subject-matter.

Headnote 1:   13 C. J. p. 598.

*Appeal from Shelby District Court.*—TOM C. WHITMORE, Judge.

MARCH 10, 1925.

Action is in equity for an accounting. The opinion states the material facts. From rulings on plaintiff's motion and demurrer to answer and counterclaim preliminary to issues joined, defendant Sorensen appeals.—*Affirmed.*

*Edward S. White* and *White & White,* for appellant.

*J. B. Whitney* and *V. H. Byers,* for appellee.

De Graff, J.—This appeal concerns itself with rulings of the trial court (1) on plaintiff's motion to strike certain paragraphs from the answer of defendant Sorensen, and (2) on plaintiff's demurrer to the same subject-matter alleged in Counts 4 and 5 of the counterclaim.

A brief statement of the pleaded facts will make plain the issues involved. On February 26, 1919, the defendant Sorensen entered into a written contract with the plaintiff land company for the purchase of a 77-acre parcel of Texas land for $25,025, with payments in specified amounts on certain dates fixed by the contract. It was further provided that, upon the payment of the sums so specified, the vendee should receive a warranty deed of even date with the contract, and that the balance, of $6,000, should be carried by vendor's lien notes, secured by a deed of trust upon the described land. With the consideration or the manner of its payment this appeal is not concerned. The matters giving rise to the controversy find lodgment in two provisions of the contract with respect to the clearing and plowing of the land; and it may be observed that, on the date of the execution of this contract, but 17 acres were cleared and plowed, and that no additional land was then cleared. The contract provides:

"Should there be less than seventy-seven acres, difference to be allowed second party [defendant]. Enough more to be cleared and plowed on above land to amount to a total of forty acres by June 1, 1919. Balance of above land to be cleared by first party [plaintiff] for which second party is to pay $20 per acre by June 1, 1919."

Subsequently to the date of the contract, the following written agreement or instrument was executed:

"May 16th, 1919

"Shelby County State Bank, Harlan, Iowa.

"Gentlemen:

"We have this day made settlement with Mr. Sorensen on the land that we sold him in Cameron County, Texas, with the exception that there are some back due taxes yet unpaid. '

"On the land that we sold him there was a portion of it in cultivation and we agreed to clear and plow enough more of the land sold him to amount to 40 acres.

"We are handing you herewith $1,500 in Liberty Bonds, which you may hold in escrow until we furnish the tax receipt showing taxes all paid up to and including the year 1918 and drainage taxes and water assessments paid up to the date of Mr. Sorensen's contract, February 26th, 1919.  After we furnish the above tax receipt and furnish satisfactory evidence that the clearing and plowing has been completed you are then to mail to the office at Kansas City, 410 Ridge Arcade Building, the bonds we are herewith handing you.   '

"South Texas Land Company,

"Per F. G. Collins.

"I agree to the above conditions.

"Peter  Sorensen.

"We acknowledge receipt of the above bonds.

"Shelby County State Bank.

"Per H. P. Dowling."

Plaintiff predicates its petition on the foregoing instrument, and alleges a full performance of the contract of purchase, except the clearing and plowing of three and one-half acres of the land; that the defendant refuses to comply with the terms of the agreed settlement; and that, under instructions of the defendant Sorensen, the bank, as trustee of the parties hereto, refuses to act in the premises.  Plaintiff therefore demands an accounting from the bank, and asks that the court ascertain the amount due from the defendant Sorensen.

In answer, the defendant admits the execution and delivery of the instrument of May 16, 1919, but denies that plaintiff has *cleared and plowed* enough of the land sold him to amount to 40 acres, and alleges that plaintiff has failed *to clear* 17¼ acres required to make the 40 acres which it agreed to clear;

failed to plow 23 acres required to make the 40 acres; and has wholly failed *to clear* the 37 acres additional which the contract of February 26, 1919, required to be cleared. The motion to strike is directed to that portion of the answer relating to the clearing of the 37 acres, on the primary ground that the subject-matter of the original contract "was fully settled, merged in, and abrogated by, the agreement of May 16th." In Count 4 of the counterclaim, the same matter is alleged, on which damages are based for an amount representing the difference between the cost of clearing the said 37 acres, at $20 per acre, as per original contract, and $33 per acre, the actual cost of clearing to the defendant. In Count 5, defendant prays judgment in the sum of $200 for car fare and other expense incurred by him in performing the covenant with reference to clearing the land.

To Counts 4 and 5 of the counterclaim plaintiff's demurrer is directed. The trial court sustained the motion to strike, and also the demurrer as to the foregoing allegations; and from these rulings this appeal is taken. Two questions are presented: (1) Did the escrow agreement executed in connection with the delivery of the deed constitute a merger, waiver, or abrogation of the terms and conditions of the original contract of purchase? (2) Are the damages alleged in Count 5 of the counterclaim recoverable on any theory?

It is apparent that the contracting parties were dealing at arm's length, and no fraud, actual or constructive, is pleaded. May the defendant at this time insist that the terms of the original contract are alive, and inure to his benefit? Briefly summarized, the defendant Sorensen had a contract with plaintiff for the conveyance of certain real estate. This contract also contained defined stipulations in relation to *clearing and plowing* and *clearing* the land. The defendant, prior to the new arrangement as evidenced by the instrument of May 16th, was in a position to refuse to accept a deed until the performance of the original stipulations, which constituted conditions precedent. What was the meaning of the subsequent agreement? Clearly, the defendant elected to accept for his original contract a warranty deed, together with an agreed memorandum reciting that (1) a full settlement had been made; (2) certain taxes were to be paid; (3) the land should be *cleared and plowed* to

the extent of 40 acres; and (4) an escrow of $1,500 in bonds should be held by the bank for the express purpose of securing the performance of the foregoing conditions. The two contracts are not consistent; nor is the one supplementary of the other. The new contract does express an entire agreement; and it is evident from an inspection of the terms thereof that the parties intended that the new contract should supersede the old. The fair intendment of the latter agreement is that the defendant would look after the *clearing* of the balance of the land, since he was originally obligated to pay a stipulated sum if performance was made by the plaintiff. When a subsequent contract completely covering the same subject-matter is made by the same parties to an earlier agreement, and the terms thereof are inconsistent with the earlier agreement, and intended to be substituted for it, a merger results; and the later contract becomes the final and only agreement between the parties on the subject. Defendant herein also accepted a deed in conformity to the executory contract to convey. Had this been done without the execution of the escrow agreement, the defendant might well insist that he should be permitted to stand on his answer and counterclaim. If a contract provides for the conveyance of real estate upon the payment of a certain sum, and gives to the purchaser certain rights collateral to and independent of the conveyance, the deed does not merge the collateral or independent agreements. *Huxford v. Trustees for Diocese of Iowa,* 193 Iowa 134; *Carey v. Walker,* 172 Iowa 236.

This is not the case at bar. The controlling fact is the subsequent agreement, which expressly stipulated the terms of the escrow, upon which terms the deed had been executed and accepted. This is sufficiently declarative of the intention of merger or waiver. In the absence of fraud or mistake, defendant was bound, as was plaintiff, by the terms of the subsequent agreement. With this view of the situation, it is clear that defendant was entitled to no damages predicated on Count 5 of his counterclaim. The trial court correctly ruled the motion to strike and the demurrer. This results in an affirmance of the case.— *Affirmed.*

Faville, C. J., and Stevens and Vermilion, JJ., concur.