ROYAL UNION LIFE INSURANCE COMPANY, Appellee, v. GEORGE W. HUGHES et al., Appellees; WILLIAM GINDT, Appellant.

MARCH 6, 1928.

*P. H. Paulsen* and *John H. Meyers,* for appellant.

*Pickett, Swisher & Farwell,* for plaintiff, appellee.

*Martin & Reeve,* for George W. Hughes and Mary B. Hughes, appellees.

*J. J. Foarde,* for Ed. Bauer and Minnie Bauer, appellees.

FAVILLE, J.—One Hughes owned a farm of 120 acres in Black Hawk County, upon which the appellee held a mortgage of $12,000. Appellant held the legal title to certain property located in Cedar Heights, Iowa. The parties effected an exchange of properties. A written contract was entered into between them, on or about June 18, 1925. Said written contract provides that said farm is to be conveyed to the appellant by a good and sufficient warranty deed, "except a mortgage of $12,000 held by the Royal Union Insurance Company of Des Moines, expiring May, 1927." Under said written contract, appellant's property also was to be conveyed by a warranty deed, except a certain $9,000 due thereon under contract. Subsequently, a deed was executed by Hughes, conveying said premises to the appellant. By the terms of said deed, the appellant assumed and agreed to pay the appellee's mortgage. The deed was not then recorded, and subsequently the farm was disposed of by appellant to one Smith, and the name of the appellant in said deed was erased, and that of Smith inserted. Later on, Smith's name was erased from the deed, and that of Bauer inserted. The answer of the appellant contained a general denial. Paragraph 2 of said answer is as follows:

"In answer to Paragraph seven of said plaintiff's petition, this defendant states that he denies that, on the 28th day of April, 1923, the premises was conveyed to him by George Hughes and Mary Hughes, or that said premises as described in said plaintiff's petition was ever conveyed to him by the said above named grantors."

Appellant further alleged:

"In answer to Paragraph ten, this answering defendant states that, by reason of the matter as set forth in Paragraph two of this answer, and not having received a deed, or agreed to assume any mortgage upon said premises, he is not personally liable to said plaintiff or anyone."

After the close of the evidence, Hughes filed a separate answer and cross-petition against the appellant, by permission of court, and without objection by appellant. The court entered personal judgment against Hughes, this appellant, and Bauer, and awarded Hughes judgment against the appellant for any sum he might be required to pay to appellee.

I. Appellant's main contention on appeal is that, under the terms and conditions of the written contract between the appellant and Hughes, the appellant did not assume and agree to pay  the mortgage in question, and that said written contract between said parties must govern, rather than the terms of the deed. It is doubtful if appellant's answer can be construed as tendering the question now urged by appellant in this court. Appellant's defense, as evidenced by his answer, was that the premises were never conveyed to him, and that he never received any deed therefor. No reformation of the deed in question was sought, and no pleading tendered any issue as to error therein, unless it may be found to be couched in the allegation of denial that the premises were ever conveyed to appellant, and the statement "and not having received a deed or agreed to assume any mortgage upon said premises, he is not personally liable to said plaintiff or anyone."

Under the issues as thus framed, the appellant's contention, by his evidence, was that he never had title to the property, and that he in fact acquired no rights and assumed no liabilities by the deed. This contention appears to have been based upon the fact that the deed from Hughes to appellant was never recorded, and subsequently appellant's name was erased in the deed, and the name of one Smith inserted therein, so that there was no showing of record that the title passed from Hughes to Smith. It is also claimed that appellant did not in fact own the property that was exchanged for the farm. A photostatic copy of the deed, as executed and delivered to the appellant, is before

us, and it is quite conclusive that the appellant's name was inserted in the deed originally, and that it was subsequently erased, and the name of his grantee, Smith, was inserted in lieu thereof. This alteration would not change the legal effect of the deed, so far as the appellant is concerned. It was delivered to appellant and accepted by him. The subsequent erasure of appellant's name and the insertion of that of his vendee did not alter or change the appellant's liability to appellee under the terms of the deed which he accepted. The oral evidence sustained the contention that the deed was executed and delivered to appellant with his name inserted therein as grantee, and containing the assumption clause. See *Ross v. Warren,* 196 Iowa 659; *Gilmore v. Shearer,* 197 Iowa 506; *Santee v. Keefe,* 127 Iowa 128; *Liljedahl v. Glassgow,* 190 Iowa 827.

II. Assuming, without deciding, that the question of appellant's non-liability for appellee's mortgage, under the terms of the delivered deed, was raised by the pleadings, and can be  considered on this appeal, it is a familiar rule in this state that a contract for the conveyance of real estate is presumed to be merged in a subsequent deed executed in pursuance thereof. In such a situation, the deed is presumed to be the final expression of the agreement between the parties. *Gray v. Van Gordon,* 187 Iowa 835; *Huxford v. Trustees,* 193 Iowa 134; *South Texas Land Co. v. Sorensen,* 199 Iowa 699. In this case, therefore, the burden rested upon the appellant to overcome the presumption arising from the recitals of the deed. As between the appellant and the appellee, who was a stranger to the contract, under proper pleadings the appellant could show by parol what the true agreement was between the appellant and his vendor, Hughes, even though this was contrary to the recitals of the deed. *Peters v. Goodrich,* 192 Iowa 790; *Shult v. Doyle,* 200 Iowa 1; *Osborne v. Osborne,* 196 Iowa 871; *Guarantee Mtg. & Fin. Co. v. Cox,* 201 Iowa 598. The rule is well established, and is discussed in the cited cases. However, the burden rested upon the appellant to establish that the deed did not represent the true contract between the appellant and his vendor, Hughes, with regard to the assumption of the mortgage. The written contract between the parties did not, in terms, call for an assumption of the mortgage, but provided that the properties were to be conveyed by

warranty deed, ''except'' certain mortgages. It appears, however, that the appellant accepted the deed with the assumption clause in it. There is no claim of fraud or mutual mistake. Reformation is not sought. Furthermore, we think the parol evidence tends more strongly to support the contention of the vendor, Hughes, that the appellant did agree to accept the deed and assume the mortgage, than it does to support the contention of the appellant that the assumption clause was not inserted in the deed with the understanding and by agreement of the parties. Under the entire record, the appellant did not sufficiently overcome the presumption that arises from his acceptance and retention of the deed with the assumption clause therein contained.

III. Complaint is now made of the action of the trial court in permitting Hughes to file a cross-petition, at the close of all of the evidence in the case, and in entering judgment in favor of Hughes on said cross-petition. It does not appear that appellant interposed any objections to the filing of said cross-petition. He made no answer thereto, and took no exception whatever to the decree awarding the conditional judgment to Hughes on the cross-petition for such an amount as Hughes may be compelled to pay to satisfy appellee's judgment. Under the record, the appellant is not in a position to complain of this portion of the decree. The decree of the trial court is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.